NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4514
_____

LESLY PATRICIA TURCIOS MURILLO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A94-825-789)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2010

Before: RENDELL, JORDAN and VAN ANTWERPEN Circuit Judges

(Opinion file: December 16, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

    The Government charged Lesly Patricia Turcios Murillo, a native and citizen of

Honduras, with removability for being in the United States without having been admitted

or paroled after inspection.  Turcios Murillo admitted the charge and sought cancellation

of removal under 8 U.S.C. § 1229b(b)(1), arguing that her removal would work an "exceptional and extremely unusual" hardship on her United States citizen children. The Immigration Judge ("IJ") denied her application and the Board of Immigration Appeals ("BIA") dismissed her subsequent appeal. Turcios Murillo submits a petition for review.

Through counsel, Turcios Murillo contends that the BIA violated her right to due process in two ways. Specifically, she claims that the agency did not consider the entire record before concluding that she was ineligible for cancellation, and that the agency failed to consider the factors it set forth in its precedent, Matter of Recinas, 23 I. & N. Dec. 467 (BIA 2002). In its response, the Government argues that we should dismiss Turcios Murillo's petition for review because she challenges the discretionary denial of her application for cancellation of removal and does not raise a colorable legal claim that can be considered by this Court.

We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including "exceptional and extremely unusual" hardship determinations. See Patel v. Attorney Gen. of the United States, 619 F.3d 230, 233 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i) and Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003)). Our jurisdiction is limited to "constitutional claims or questions of law." Id. at 234 (citing 8 U.S.C. § 1252(a)(2)(D) and Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006)).

To the extent that Turcios Murillo generally challenges the "exceptional and extremely unusual" hardship determination, she presents a "quarrel[] over the exercise of

discretion and the correctness of factual findings" and does not raise a constitutional claim or a question of law.  See Patel, 619 F.3d at 233 (citations omitted).  Although we have jurisdiction to review whether the agency used the correct legal standard to reach the hardship determination, we do not have jurisdiction to consider an issue merely clothed as a due process violation.  See id. (rejecting a claim that the petitioner met her burden to show exceptional hardship that the petitioner described as a challenge to the IJ's application of a legal standard).  In large part, Turcios Murillo's "due process" claims challenge the discretionary determination more than they present a constitutional question.  To the extent that the petition merely challenges the discretionary decision, we must dismiss it.

To the extent that Turcios Murillo also raises colorable legal or constitutional challenges in her petition, her claims lack merit.  There is no evidence that the agency did not consider the entire record before rejecting her application for cancellation.  In fact, the IJ specifically noted that she considered the entire record.  R. 37.  The IJ and BIA considered the Recinas factors.  In particular, the IJ cited the relevant cases and listed the factors set forth in Matter of Monreal, 23 I. & N. Dec. 56 (BIA 2001), and other cases which the BIA cited as important in Recinas.  R. 36-37.  Accordingly, to the extent we have jurisdiction over the petition, we will deny it.