**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1472
_____

FEDERICO IZELO FLORES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-231-227)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: April 1, 2011 )
_____

OPINION
_____

PER CURIAM

     Federico Izelo Flores petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will dismiss the petition to the extent that we lack

1

jurisdiction and will otherwise deny it.

I.

Flores is a citizen of Mexico who entered the United States without inspection in 1996. The Government charged him as removable on that basis, which Flores concedes. See 8 U.S.C. § 1182(a)(6)(A)(i). Flores applied for cancellation of removal on the ground that removal would result in hardship to his two United States citizen sons. In order to be eligible for that discretionary relief, he was required to show, inter alia, that (1) he was continuously present in the United States for at least ten years before applying, and (2) his removal "would result in exceptional and extremely unusual hardship" to his children. 8 U.S.C. § 1229b(b)(1)(A), (D).

Before the Immigration Judge ("IJ"), Flores testified that he is the sole provider for his children and, though they likely would accompany him to Mexico, he could not support them as well in that country and they would have difficulty adjusting. He further testified that his older son has a skin condition that he treats with over-the-counter cream. He also submitted documentary evidence to support his claim of continuous presence in the United States.

The IJ denied his application for two reasons. First, she concluded that Flores's documentary evidence was insufficient to show his continuous presence in the United States for ten years. Second, she concluded that he had not shown that his removal would result in "exceptional and extremely unusual hardship" to his children. In doing so, she considered the factors set forth in In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA

2

2001), and In re Recinas, 23 I. & N. Dec. 467 (BIA 2002). She acknowledged the material aspects of Flores's testimony, but concluded that his sons would not suffer any hardship substantially beyond that to be expected in any case of removal. In particular, she noted the presence of family members in Mexico, Flores's good health and ability to work, his sons' fluency in Spanish, and the lack of medical evidence that his older son's skin condition is severe.

Flores appealed to the BIA and submitted letters from two doctors describing his son's condition and treatment. By order issued January 19, 2010, the BIA dismissed his appeal. The BIA summarized and agreed with the IJ's conclusion regarding the lack of hardship. It also concluded that, to the extent that Flores's new evidence might be construed as a motion to reopen and remand, it would deny such a request because Flores could have submitted the evidence at his hearing and it did not show that his son's condition was serious or could not be treated in Mexico. See 8 C.F.R. § 1003.2(c). Flores petitions for review.[1]

## II.

Flores raises essentially three arguments on review, which we will reorder for ease of discussion. The Government has filed a motion to dismiss his petition for lack of jurisdiction. We agree that we lack jurisdiction to address certain of his arguments and

---

[1] We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). We review the IJ's and BIA's decisions together because the BIA summarized and adopted the IJ's reasoning. See Wang v. Att'y Gen., 423 F.3d 260, 267 (3d Cir. 2005). The IJ granted Flores voluntary departure, but the parties have

3

conclude that they otherwise lack merit.

First, Flores challenges the BIA's conclusion that he did not show sufficient hardship to his children. We lack jurisdiction to review the discretionary denial of cancellation of removal, including the Agency's determination under 8 U.S.C. § 1229(b)(1)(D) that a petitioner did not show sufficient hardship. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010). We retain jurisdiction to review colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Patel, 619 F.3d at 232.

We agree with the Government that Flores raises no such question here. Although Flores discusses the applicable legal standards, his only real argument is that the BIA inadequately considered the relevant factors and should have granted relief because his situation is closer to that in Recinas than in Monreal-Aguinaga. Thus, "[a]lthough [he] claims to be challenging the IJ's misapplication of a legal standard, [he] is actually asserting that [he] met [his] burden of showing an exceptional hardship. We do not have jurisdiction to review this claim because it challenges a discretionary determination and does not present a constitutional question or a question of law." Patel, 619 F.3d at 233.

Second, Flores challenges the IJ's conclusion that he did not establish ten years of continuous presence in the United States before applying for cancellation of removal. In that regard, he argues that the IJ misconstrued his documentary evidence, that the BIA erred in not considering the issue, and that the IJ and BIA thereby denied him due

raised no issue regarding that ruling on review.

process. We need not address these arguments because the BIA's conclusion that he failed to show sufficient hardship is independently dispositive. See 8 U.S.C. § 1229b(b)(1)(A), (D).

Finally, Flores—represented by new counsel on review—argues that his former counsel rendered ineffective assistance by failing to present evidence of his older son's skin condition to the IJ. Flores, however, did not exhaust this claim by presenting it to the BIA in the first instance, which he could have done by filing a motion to reopen. See Rranci v. Att'y Gen., 540 F.3d 165, 170 (3d Cir. 2008); Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005). We thus lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Zheng, 422 F.3d at 107-08.[2]

Accordingly, the Government's motion to dismiss the petition for review is granted to the extent that we lack jurisdiction and the petition will be otherwise denied.

---

[2] Flores's former counsel submitted evidence regarding his older son's skin condition to the BIA on appeal. Flores asserts in the summary of argument section of his brief that the BIA erred in failing to remand on the issue of hardship, apparently on the basis of that new evidence. As the Government argues, Flores has waived any challenge to the BIA's denial of reopening because he has not meaningfully argued it in his brief. See Lie v. Ashcroft, 396 F.3d 530, 532 n.2 (3d Cir. 2005). Even if we were to review the issue, however, we would find no error. The BIA denied reopening on the grounds that the evidence (1) was previously available and (2) would not change the result because it did not show that the skin condition was severe or could not be treated in Mexico. We cannot say that it abused its discretion in doing so. See 8 C.F.R. § 1003.2(c).