**Heriberta BAEZ–RUFINO, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

Nos. 10–1890, 10–3676.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) May 2, 2011.

May 3, 2011.

Elissa C. Steglich, Esq., American Friends Service Committee, Newark, NJ, for Petitioner.

Zoe J. Heller, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Gregory M. Kelch, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: SCIRICA, FISHER and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Heriberta Baez requests review of Board of Immigration Appeals (BIA) decisions 1) dismissing her appeal from an order denying cancellation of removal under 8 U.S.C. § 1229b(b) and 2) denying her motions to reopen and reconsider. She argues that the BIA improperly overlooked evidence, an error that violated her right to due process, and also abused its discretion in denying her motions. We consolidated both matters and will now deny the petitions for review and dismiss them in part.

### I.

As we write primarily for the parties, we will recount only those facts germane to these petitions. Baez, a citizen and national of Mexico, conceded her removability, but applied for cancellation of removal predicated on the projected hardships that her children—two of whom are American citizens, born after Baez entered the country—would face if they accompanied her to Mexico.[1]

At a hearing in front of Immigration Judge (IJ) Margaret Reichenberg, Baez spoke of the limited opportunities her older daughter, Daisy, would have to continue her education and preserve her physical and emotional well-being in the town of San Pedro Teyuca,[2] where the family would likely relocate if removed. She worried in particular that Daisy, who was doing quite well in her American school, might struggle in a foreign environment. Baez emphasized issues of health care,

---

1. "The Attorney General may cancel removal ... if the alien establishes that removal would result in exceptional and extremely unusual hardship to the alien's ... child, who is a citizen of the United States...." 8 U.S.C. § 1229b(b)(1)(D).

2. San Pedro Teyuca is located in the Mexican state of Puebla.

school costs, housing conditions, the language barrier, and her own tenuous financial situation. *See, e.g.*, Certified Administrative Record (A.) 274, 278–79, 281–83, 323, 331.

Baez also made passing mention of increasing violence in Mexico, explaining that "[t]here's a lot of violence for the children ... [t]hey kill each other there." A.292–93. Counsel further addressed the matter in his closing statement, and several of the submissions before the IJ dealt with the ongoing chaos fueled by dueling government and narco-forces.

Ultimately, the IJ found that Baez had failed to demonstrate exceptional hardship. A.230. She summarized Baez's "biggest fear" as being that Daisy "[would] no longer study and that there is a lot of violence for children in Mexico." A.226. The IJ acknowledged that conditions in Mexico, and particularly in the region in question, were not comparable to those in the United States, *see, e.g.*, A.229, but concluded that this did not amount to the requisite "exceptional" hardship. A.229–30. Hence, the IJ denied relief.

Baez appealed. She now cast her case as being primarily about

> a single mother who is terribly afraid that if removed she and her children would go live in one of the most violent countries in the world today. The violence in Mexico sadly has become so out of control that it is spilling over into the United States, mostly in communities adjacent to the U.S./Mexico border.

A.185. The BIA dismissed the appeal, "agree[ing] with the [IJ] that the respondent failed to show that her removal would result in exceptional and extremely unusual hardship to either of her two United States citizen children." A.177. Thus, "considering the factors of this case cumulatively, [Baez] failed to demonstrate that either of her children will suffer exception-

al and extremely unusual hardship if they accompany her to Mexico." A.178. The BIA did not explicitly mention the uptick of violence in the country.

Baez filed a petition for review with this Court. In the meantime, she moved for reconsideration and to reopen proceedings with the BIA. With regard to her motion for reconsideration, Baez argued that the BIA's decision "fail[ed] to address the impact of the ongoing violence in Mexico and its effect on" her children; Mexico was "simply too unsafe to remove innocent children incapable of defending themselves from drug traffickers, kidnappers, pedophile's [*sic*] and other sexual predators." A.157, 159. With regard to her motion to reopen, she argued that "incidents of violence in Mexico have increased exponentially" in the time since the BIA's original decision, A.14, and attached many voluminous exhibits.

The BIA denied both motions. In doing so, it explained why the evidence of violence was deficient and would not affect its cancellation-of-removal calculus: no mention was made of violence occurring in or around San Pedro Teyuca, Daisy had not been exposed to violence during her two trips to Mexico, and family members in San Pedro Teyuca had not suffered violence. Viewed in its totality, the evidence "was insufficient to establish that these children will likely become victims of such violence, or will suffer hardship rising to the level that is exceptional and extremely unusual in nature given such incidents, even when considered in conjunction with the other hardship evidence presented." A.5. With regard to the motion to reopen, the BIA reviewed the new evidence, concluded that it was similarly deficient, and declined to recommence proceedings. A.5. Baez again petitioned this Court for review.

## II.

We have jurisdiction to review final BIA orders under 8 U.S.C. § 1252(a)(1). But as the parties recognize, that jurisdiction is restricted by 8 U.S.C. § 1252(a)(2)(B)(i), which limits judicial review of discretionary agency actions. *Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003); *see also Patel v. Att'y Gen.*, 619 F.3d 230, 232 (3d Cir.2010) ("We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations."). However, we may still review colorable constitutional claims or questions of law. *Patel*, 619 F.3d at 232. A fundamentally discretionary claim in legal clothing does not grant jurisdiction that would otherwise be proscribed. *Pareja v. Att'y Gen.*, 615 F.3d 180, 186–87 (3d Cir.2010).

We review denials of motions to reopen and motions for reconsideration under an abuse of discretion standard. *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir.2005). "Discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, 'irrational or contrary to

law.' " *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994) (citations omitted).

## III.

■ Baez argues that the BIA violated due process by failing to consider the evidence of violence in Mexico.[3] This is a colorable claim that the BIA's hardship determination was based on an erroneous legal standard, in that it failed to actually consider the evidence in front of it. *See Abdulai v. Ashcroft*, 239 F.3d 542, 549–50 (3d Cir.2001). Thus, "our jurisdiction to review that determination is secure." *Pareja*, 615 F.3d at 188.[4] A petitioner desiring success on a due-process claim "must show that substantial prejudice resulted from the alleged procedural errors." *Delgado–Sobalvarro v. Att'y Gen.*, 625 F.3d 782, 787 (3d Cir.2010). Additionally, the petitioner bears the burden of proving that the BIA failed to consider the record before it when ruling on an appeal. *Abdulai*, 239 F.3d at 550.

First, it is unclear that the BIA did, in fact, fail to consider the violence-related evidence. The BIA need not write an exegesis on every document submitted, *see Wong v. Att'y Gen.*, 539 F.3d 225, 231 (3d Cir.2008), and its silence on material it may have initially deemed irrelevant to its

---

3. Baez also argues that the BIA and IJ departed from precedent by considering each factor individually instead of cumulatively. *See* Pet'r's Br. 4, 16; *see also Fadiga v. Att'y Gen.*, 488 F.3d 142, 153–54 (3d Cir.2007) (whether an agency applies the correct legal standard is a question of law). She does not develop the procedural aspect of this claim. However, to the extent that it was properly raised, we observe that both the IJ and the BIA referred to their analyses as "cumulative," a description that is not inherently at odds with sequential recounting of the material being weighed. *See* A. 178, 229–30. Absent any evidence that the IJ and BIA applied the incorrect legal standard, we will not grant relief on this ground. A final due process argument raised before the BIA, addressing

the conduct of the IJ, *see* A.198–202, has been abandoned for the purposes of this petition. *See* Pet'r's Br. 6 ("The Board also dismissed Ms. Baez' argument that the IJ violated her due process rights in the conduct of the hearing. Petitioner does not raise that particular argument regarding the [IJ]'s behavior before this Court.") (citations omitted).

4. Baez does, at times, argue more directly that the BIA and IJ were incorrect in finding lack of hardship. *See, e.g.*, Pet'r's Br. 16. To the extent that these arguments are intended to directly dispute the discretionary findings and not merely to encourage remand, we lack jurisdiction over and will dismiss those parts of the petitions.

decision does not, without more, prove a fatal oversight. The "factors" cumulatively considered by the BIA may very well have included Baez's submissions. *See* A.178. Baez has not met her burden of showing that the BIA disregarded the record of violence before it.

■ However, assuming *arguendo* that the BIA should have explicitly referred to the background evidence, *see Toussaint v. Att'y Gen.*, 455 F.3d 409, 417 (3d Cir.2006), Baez cannot demonstrate prejudice. To be sure, the record reveals appalling violence in parts of Mexico, especially in connection with the drug trade; Baez emphasizes the story of a 5–year–old boy brutally murdered in Mexico City, *see* Pet'r's Br. 17, A.361, and one article describes how drug-related violence is affecting children in Tijuana. A.426. Some of these regions are near Puebla; others, most notably those along the U.S./Mexico border, are not. But Baez does not point to any data showing violence in her prospective area of residence, nor is there evidence to suggest that friends, relatives, and neighbors in Puebla have been affected by these circumstances. While Baez concludes that the "evidence is sufficient to show risk of harm to [her] U.S. citizen children should they be constructively deported," Pet'r's Supp. Br. 13, she has shown at most a *generalized* risk of harm attendant to life in Mexico, with a striking lack of extraordinary and unusual risk inherent in Puebla.

Moreover, in ruling on Baez's motion for reconsideration, the BIA explained why the evidence submitted was insufficient to support cancellation of removal. It therefore rectified any earlier explanatory shortfall. *Cf. Chen v. U.S. DOJ*, 471 F.3d

315, 339 (2d Cir.2006) (observing that remand is futile when the reviewing court can confidently predict that the agency would reach the same decision absent its prior errors).

■ Accordingly, to the extent that we have jurisdiction to review the BIA's denial of the motions to reconsider and reopen, we cannot find that it abused its discretion. The new material submitted by Baez suffers from the same deficiencies as the prior evidence in its failure to show a risk posed to her children.[5]

## IV.

For the foregoing reasons, the consolidated petitions for review will be denied and dismissed in part.

---

**5.** For example, the submissions include a State Department warning that Guerrero, to the southwest of Puebla, might be dangerous, *see* A.49, and an article cautioning against travel to "the northern border state of Tamaulipas," *see* A.77, a region not adjacent to Puebla.