**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1045
_____

BELISARIO SONTAY PELICO, Petitioner

VS.

ATTORNEY GENERAL UNITED STATES OF AMERICA, Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-444-403)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2013

Before:   JORDAN, GREENAWAY, JR., and SCIRICA , Circuit Judges

(Opinion filed: July 26, 2013)
_____

OPINION
_____

PER CURIAM

　　Belisario Sontay Pelico ("Pelico"), proceeding pro se, petitions for review of the
decision of the Board of Immigration Appeals ("BIA") upholding the Immigration

1

Judge's ("IJ") denial of Pelico's application for cancellation of removal. For the reasons that follow, we will dismiss the petition.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. Pelico, a native and citizen of Guatemala, entered the United States in 1991. In 2008, he was placed in removal proceedings and charged with being removable as an alien who is present in the United States without having been admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). After conceding his removability, Pelico applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b).[1]

In March 2011, the IJ issued a written decision denying Pelico's application. In doing so, the IJ concluded that Pelico was statutorily ineligible for cancellation of removal because he had not established, pursuant to § 1229b(b)(1)(D), that his removal would result in "exceptional and extremely unusual hardship" to his qualifying relatives. Pelico subsequently appealed the IJ's decision to the BIA. In December 2012, the BIA dismissed the appeal, agreeing with the IJ's resolution of Pelico's application.

Pelico now seeks review of the agency's decision.

---

[1] Pelico requested voluntary departure as an alternative form of relief. Although the IJ granted that request, the BIA declined to reinstate that relief when it dismissed his appeal. Because Pelico's brief does not challenge that aspect of the BIA's decision, we deem the issue waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

2

II.

Our jurisdiction over the agency's denial of applications for cancellation of removal is limited. Indeed, "[w]e lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations." Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003)). Although we retain jurisdiction to review constitutional claims or questions of law, Patel, 619 F.3d at 232; see 8 U.S.C. § 1252(a)(2)(D), that review "is narrowly circumscribed in that it is limited to *colorable* claims or questions of law." Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (emphasis added) (internal quotation marks and citation omitted). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)). In this case, Pelico purports to raise both due process claims and questions of law. We consider them in turn.

Cancellation of removal is a form of discretionary relief. See Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). Although an alien facing removal does not have a due process interest in being considered for discretionary relief, see United States v. Torres, 383 F.3d 92, 104-05 (3d Cir. 2004), due process does require that his removal proceedings afford him "'the opportunity to be heard at a meaningful time and in a meaningful manner.'" Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (quoting

3

Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). This includes the right to "factfinding based on a record produced before the decisionmaker and disclosed to him," the right "to make arguments on his . . . own behalf," and "the right to an individualized determination of his . . . interests." Id. (internal quotation marks and citations omitted). In this case, however, none of Pelico's purported due process claims makes a colorable showing that the agency infringed upon any of those rights. Accordingly, we lack jurisdiction to consider those claims.[2]

Pelico's purported questions of law fare no better. His various challenges to the agency's factual findings, as well as his claim that the agency failed to "factor[]" certain evidence into its decision, do not present a legal question, let alone a colorable one. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). Furthermore, his claim that the agency failed to apply the proper legal standard in adjudicating his application is undeveloped and belied by the record, and thus not colorable. As a result, we lack jurisdiction over these claims as well.

---

[2] One of those claims contends that the BIA, in reviewing the IJ's "exceptional and extremely unusual hardship" determination, should have, sua sponte, taken administrative notice of an earthquake that occurred in Guatemala about one month before the BIA issued its decision. As the Government points out in its brief, Pelico, who was represented by counsel in the proceedings before the agency, could have moved the BIA to remand his case to the IJ for factfinding regarding the impact of that earthquake on his application for cancellation of removal. See 8 C.F.R. § 1003.1(d)(3)(iv). Alternatively, Pelico could have moved the BIA to reopen the case after the BIA issued its decision. See 8 C.F.R. § 1003.2(c). Instead, Pelico chose to do nothing, and the narrow scope of our jurisdiction in cases like this one prohibits us from weighing in on the issue. As a result, we need not reach Pelico's request that we take judicial notice of that earthquake.

Because none of Pelico's claims presents a colorable constitutional claim or question of law, we must dismiss his petition for review for lack of jurisdiction.