**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3457
_____

BENJAMIN MONTERROSO-MORALES,
                                                     Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                     Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-231-074)
Immigration Judge: Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2011
Before:  BARRY, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2011)
_____

OPINION
_____

PER CURIAM

        Benjamin Monterroso-Morales petitions for review of the Board of Immigration

Appeals' ("BIA" or "Board") final order of removal.  The Government has filed a motion

to dismiss the petition for review.  For the reasons that follow, we will dismiss it for lack

of subject matter jurisdiction.

I.

Monterroso-Morales, a native and citizen of Guatemala, entered the United States without inspection in October 1995. In 2007, the Government charged him with removability for being in the United States without having been admitted or paroled. Monterroso-Morales admitted the charge and sought cancellation of removal under Immigration & Nationality Act ("INA") § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)][1], arguing that his removal would work an "exceptional and extremely unusual" hardship on his two United States citizen daughters.

The IJ denied Monterroso-Morales' application. She determined that although he had established the requisite period of physical presence in the United States and good moral character during that period, he failed to establish exceptional and extremely unusual hardship to his minor daughters, who will remain in the United States after he is removed. The BIA dismissed Monterroso-Morales' subsequent appeal and he filed a timely petition for review in this Court.

II.

We have jurisdiction to review final BIA orders under 8 U.S.C. § 1252(a)(1). But

---

[1] This provision provides, in relevant part, that the Attorney General may cancel the removal of an alien who was continuously present in the United States for at least ten years before applying, who is of good character, who has not committed certain crimes, and who has established that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a permanent resident or citizen of the United States. See INA § 240A(b)(1).

as the parties recognize, that jurisdiction is restricted by 8 U.S.C. § 1252(a)(2)(B)(i), which limits judicial review of discretionary agency actions. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010) ("We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations."). However, we may still review colorable constitutional claims or questions of law. Patel, 619 F.3d at 232. Dressing a fundamentally discretionary claim in legal clothing does not grant jurisdiction that would otherwise be proscribed. Pareja v. Att'y Gen., 615 F.3d 180, 186-87 (3d Cir. 2010).

Monterroso-Morales argues that the agency erroneously required him to meet a higher standard of hardship to his daughters by committing the following legal errors: 1) failing to consider the educational hardship that his older daughter will suffer if he is removed to Guatemala; 2) failing to consider the "cumulative effect" of the hardship faced by his daughters; and 3) improperly relying on Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001) to evaluate the circumstances of his case. See Petitioner's Brief ("Pet. Br.") at 14-21. Monterroso-Morales contends that because of these errors, the IJ and BIA essentially required him to establish that his daughters would face "unconscionable hardship," a standard that is higher than "exceptional and extremely unusual hardship." Id. at 19-21.

We have reviewed Monterroso-Morales' first two arguments and conclude that his contentions "amount to nothing more than quarrels over the exercise of discretion and the

3

correctness of the factual findings reached by the agency." See Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (addressing arguments that IJ, inter alia, "gave 'short shrift to crucial evidence'" and "'simply looked at individual factors' rather than provide an evaluation of the factors in the aggregate") (citation omitted).[2]  Accordingly, we lack jurisdiction to consider them.  See id. at 171.

Next, Monterroso-Morales argues that the agency's "reliance" on Matter of Monreal-Aguinaga is "misplaced."  Pet. Br. at 17.  Specifically, he contends that the IJ failed to recognize distinctions between his circumstances and those presented in that case.  A review of  Monterroso-Morales' briefing demonstrates that he is merely asserting that he met his burden of showing an exceptional hardship.  As we indicated earlier, we lack jurisdiction to review a fundamentally discretionary claim dressed in legal clothing. Pareja, 615 F.3d at 186-87.

Monterroso-Morales claims that the because the agency's committed the aforementioned legal errors, it effectively required a heightened showing of an "unconscionable hardship" to his daughters.  Pet. Br. at 18-19.  However, as we have explained, we lack jurisdiction to review those claims.  Moreover, there is no evidence

---

[2] We nevertheless note that the IJ expressly considered the evidence in the aggregate.  (See Administrative Record ("A.R.") at 30-31.)  Also, contrary to Monterroso-Morales' assertion, both the IJ and BIA examined his testimony regarding the health, educational, and emotional impact that his removal will have on his daughters, but concluded that he was unable to meet the standard of "exceptional and extremely unusual hardship."  (Id. at 3, 23-25, 28-31.)  Indeed, the BIA "'is not required to write an exegesis on every contention,' . . . but only to show that it has reviewed the record and grasped the movant's claims."  Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002).

that the IJ or Board applied anything other than the exceptional and extremely unusual hardship standard. Indeed, both stated the correct legal standard in their decisions. (A.R. at 3, 30.) Because Monterroso-Morales has not presented a colorable legal or constitutional challenge, we must dismiss the claim for lack of jurisdiction.

Lastly, Monterroso-Morales argues that the agency violated his due process rights when it denied his application for cancellation of removal. Pet. Br. at 21-24. Monterroso-Morales' due process claim is based on the same arguments that he raised as questions of law. As we have stated, those claims fall outside of our jurisdiction and, thus his due process challenge is dismissed for the same reasons.

Based on the foregoing, we will grant the Government's motion and dismiss the petition for review for lack of subject matter jurisdiction.