**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-4229 and 13-1248
_____

BENJAMIN FELIX MONTERROSO-MORALES,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088 231 074)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2013
Before:  RENDELL, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: August 15, 2013)
_____

OPINION
_____

PER CURIAM

Benjamin Monterroso-Morales petitions for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings

and an order denying his motion to reconsider that ruling.  For the reasons that follow, we

will deny the petitions, which have been consolidated for our review.

Monterroso-Morales, a native and citizen of Guatemala, entered the United States in 1995 without inspection. In 2007, a notice to appear was issued charging that Monterroso-Morales was subject to removal because he was present in the United States without having been admitted or paroled. Monterroso-Morales conceded his removability and applied for cancellation of removal. The Immigration Judge denied the application because Monterroso-Morales had not shown that, if removed, his family would suffer exceptional and extremely unusual hardship. The BIA dismissed Monterroso-Morales' appeal in 2009. We dismissed Monterroso-Morales' petition for review for lack of jurisdiction. Monterroso-Morales v. Att'y Gen., 429 F. App'x 149, 150 (3d Cir. 2011) (unpublished decision).

In 2012, Monterroso-Morales moved to reopen his proceedings. He sought to apply for asylum based on alleged changed conditions in Guatemala. Monterroso-Morales claimed that he was at risk of harm and submitted evidence of threats and violence against his family.

The BIA denied the motion as untimely and concluded that Monterroso-Morales had not shown changed country conditions arising in Guatemala since his 2007 merits hearing that would affect his eligibility for relief. The BIA explained that the evidence submitted, including affidavits, police reports, and other reports and news articles, did not establish a change in conditions, but showed a continuation of the civil strife and criminal activity that Monterroso-Morales has feared since he left Guatemala in 1995. The BIA also ruled that Monterroso-Morales had not shown that he is prima facie eligible for asylum or withholding of removal based on evidence of general violence in Guatemala or

2

evidence of threats to his family by unknown individuals. In addition, the BIA stated that Monterroso-Morales had not shown any change in Guatemala making it now more likely than not he would face torture with the consent or acquiescence of the government.[1]

Monterroso-Morales filed a timely motion to reconsider the denial of his motion to reopen, disputing the BIA's conclusion that he had not established his prima facie eligibility for asylum. The BIA denied the motion, explaining that, in order for his untimely motion to reopen to be considered, Monterroso-Morales also had to show changed country conditions and had not done so. The BIA also rejected Monterroso-Morales' contention that it had failed to consider the evidence he had submitted.

Monterroso-Morales petitions for review of the denial of reopening and reconsideration. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our standard of review is abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).

A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Monterroso-Morales' motion was filed almost three years after the final administrative order in his case. He thus relied on the exception to the time requirement allowing a motion to reopen to be filed any time where the motion is "based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." Id. § 1229a(c)(7)(C)(ii).

---

[1]The BIA also rejected any claim of ineffective assistance of counsel raised by Monterroso-Morales and ruled that he had not shown exceptional circumstances

Monterroso-Morales argues in his brief that conditions in Guatemala have deteriorated but he points to no evidence of record supporting that contention. To the extent he relies on the affidavit of Victoria Sanford, which describes conditions in Guatemala, that affidavit does not address how conditions in Guatemala have changed since his hearing in 2007.[2] Monterroso-Morales appears to primarily rely on evidence of threats and violence against his family by unknown persons since his hearing, but these acts also do not establish changed country conditions. See Liu v. Att'y Gen., 555 F.3d 145, 150-51 (3d Cir. 2009) (an alien seeking to file an untimely or successive asylum application based on changed personal circumstances must show changed country conditions when a motion to reopen is filed after the 90-day time limit expires). Thus, Monterroso-Morales has not called into question the BIA's conclusion that he did not show changed conditions arising in Guatemala since his 2007 merits hearing.[3]

Because Monterroso-Morales has not shown that he submitted evidence of changed country conditions, we need not address his arguments that he established prima

warranting reopening the proceedings sua sponte. These rulings are not at issue.

[2]Sanford's statement that the recent election of former General Otto Perez Molina as President is "problematic" because his administration includes military officers and he has "revamped the army's anti-communist discourse of the 1980s into an anti-human rights discourse" does not explain how conditions have changed. A.R. at 84.

[3]The BIA's statement that the evidence shows a continuation of the civil strife and criminal activity that Monterroso-Morales has feared *since 1995* appears to recognize statements in his affidavit that he left Guatemala because he feared harm by the army and guerillas and Sanford's statements that he is at risk of harm by these groups today. Although this evidence does not preclude a finding that conditions have deteriorated *since 2007*, the administrative record supports the BIA's conclusion that Monterroso-Morales did not show such a change.

facie eligibility for asylum or that the BIA failed to consider the equities in his case. See Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007) (noting that establishing changed country conditions is a threshold requirement that allows an untimely motion to reopen to be brought).

Finally, Monterroso-Morales argues that the BIA violated his due process rights by failing to properly review the record and failing to refer to the evidence of country conditions, including Sanford's report, in its decision. As noted above, the BIA referred to the affidavits, police reports, and reports and news articles submitted with Monterroso-Morales' motion and concluded that they did not show changed conditions. Monterroso-Morales has not shown that the BIA failed to consider any evidence of changed country conditions since his hearing or otherwise abused its discretion in denying his motions to reopen and reconsider.

Accordingly, we will deny the petitions for review.[4]

---

[4]Monterroso-Morales' request for oral argument is denied.