**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1437
_____

JOSE TIGRE-HURTADO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-687-190)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2014

Before: AMBRO, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2014)
_____

OPINION
_____

PER CURIAM

    Jose Tigre-Hurtado[1] petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will deny the petition.

_____
[1] The petitioner is so designated on our docket, but both parties refer to his last name as "Tigre."  We will do the
same.

1

Tigre is a citizen of Ecuador who concedes that he is removable for having entered the United States without inspection or parole. See 8 U.S.C. § 1182(a)(6)(A)(i). He applied for cancellation of removal under 8 U.S.C. § 1229b(b). That application required him to show, inter alia, that his removal "would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Tigre's only qualifying relative is his United States citizen daughter, and he based his application on her.

Tigre testified before the Immigration Judge ("IJ") that his daughter's grades and emotional state would suffer if he were removed and she remained in the United States, that she would lose educational opportunities if she accompanied him to Ecuador (Tigre's daughter's mother, who is Tigre's wife, also has been ordered removed to Ecuador), and that he would lose certain economic opportunities if removed to Ecuador and would not be able to support his daughter as well as he would like. The IJ concluded that these hardships, though regrettable, are common incidents of removal and do not constitute the "exceptional and extremely unusual hardship" necessary to qualify for relief. The BIA, applying the standard set forth in In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), agreed and dismissed Tigre's appeal. Tigre petitions for review.

II.

As Tigre recognizes, we lack jurisdiction to review the discretionary denial of cancellation of removal, including the Agency's determination that a petitioner did not

2

show sufficient hardship. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010). We retain jurisdiction in this context only to review colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Patel, 619 F.3d at 232.

Tigre, relying on Figueroa v. Mukasey, 543 F.3d 487 (9th Cir. 2008), argues that the BIA misapplied Monreal-Aguinaga by focusing on whether his daughter is currently experiencing the requisite hardship instead of considering whether his removal would cause his daughter to face such hardship in the future. We have jurisdiction to review this argument, see Pareja v. Att'y Gen., 615 F.3d 180, 188 (3d Cir. 2010), but it lacks merit. The BIA expressly considered the hardships that Tigre's daughter might face in the future if she were to either accompany him to Ecuador or remain with relatives in the United States. (BIA Dec. at 1-2.) The BIA further concluded that, in either event, the hardships she might face in the future would not be "exceptional and extremely unusual." To the extent that Tigre's brief can be read to challenge the substance of that ruling, we lack jurisdiction to address it.

For these reasons, the petition for review will be denied.[2]

---

[2] The IJ granted Tigre voluntary departure, but the BIA declined to reinstate Tigre's voluntary departure period at the conclusion of his appeal because it concluded that Tigre had not submitted proof that he posted a bond as required by 8 C.F.R. § 1240.26(c)(3)(ii). Tigre has not challenged that ruling on review, and we thus do not reach the issue.