**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2646
_____

FIDEL ANTHONY NAPIER,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-774-466)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2014
Before:  SMITH, KRAUSE and BARRY, Circuit Judges

(Opinion filed: January 8, 2015)
_____

OPINION
_____

PER CURIAM

Petitioner Fidel Napier petitions for review of a final order of removal issued by the

Board of Immigration Appeals (BIA).  For the reasons detailed below, we will dismiss the

petition for review for lack of jurisdiction.

Fidel Napier is a citizen of Jamaica. He entered the United States as a lawful permanent resident in 1983, at the age of five. In 1998, he was convicted of possession of a controlled dangerous substance with the intent to distribute within 1,000 feet of a school in violation of N.J. Stat. Ann. § 2C:35-7. As a result, in 2010, the Department of Homeland Security charged him with being removable as an alien who had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii).

Before an Immigration Judge (IJ), Napier conceded that his crime qualified as a controlled-substance offense; he disputed whether his conviction constituted an aggravated felony, but the IJ ruled against him. Napier sought relief under the Convention Against Torture (CAT). He testified that his stepfather, Darrell Norton, had assisted local police and DEA agents in operations targeting Jamaican-born gang members in Camden, New Jersey. Based in part on Norton's efforts, several men were incarcerated and deported to Jamaica. Napier and Norton testified that these men or their confederates would harm Napier in Jamaica in retaliation for Norton's conduct.

The IJ denied relief to Napier, and he appealed to the BIA. The BIA dismissed the appeal, concluding that Napier had failed to present sufficient evidence to obtain CAT relief. More specifically, the BIA concluded that, given that it had been 17 years since Norton had assisted law enforcement, that Napier had never been threatened, and that Napier and Norton did not share a surname, Napier had failed to show that these gang members would be able to recognize him and would be motivated to harm him. Further, the BIA ruled that Napier had failed to establish that any harm would occur with the Jamaican government's consent or

2

acquiescence. Napier filed a timely petition for review to this Court.

We generally have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. However, pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable for having been convicted of violating a law relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i)." Rojas v. Att'y Gen., 728 F.3d 203, 207 (3d Cir. 2013) (en banc) (quotation marks omitted). Napier does not (and cannot) dispute that his conviction under New Jersey law for possessing with the intent to distribute cocaine within 1,000 feet of a school qualifies as a state law "relating to a controlled substance (as defined in section 802 of Title 21)." See id. at 217-20 (providing standards governing this inquiry). Accordingly, our jurisdiction is limited to reviewing constitutional claims and questions of law. See § 1252(a)(2)(D).

In his brief, Napier argues first that the BIA erred in concluding that he had failed to meet his burden of proving that individuals in Jamaica would attempt to harm him. However, this represents the type of factual finding that this Court lacks jurisdiction to review. See Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). While Napier occasionally claims that the BIA applied an incorrect legal standard, it is apparent that he is actually arguing that the agency improperly weighed the evidence. See, e.g., Br. at 21 (arguing that the country-conditions evidence "was given insufficient weight"); Br. at 23 (arguing that the agency should not have accorded any weight to the fact that stepfather's interaction with gang members had ceased 17 years ago). These are factual questions over which this Court lacks jurisdiction. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (claim that the agency "incorrectly

3

weighed evidence" is not a question of law); see also Patel v. Att'y Gen., 619 F.3d 230, 233 (3d Cir. 2010) (noting that "[a]lthough [alien] claims to be challenging the IJ's misapplication of a legal standard, she is actually asserting that she met her burden," which "does not present a constitutional question or a question of law").[1]

Napier also challenges the BIA's ruling that he failed to show that the individuals whom he fears are either public officials or persons who would act with the government's consent or acquiescence. This argument is also beyond our jurisdiction to review. See Green v. Att'y Gen., 694 F.3d 503, 507 (3d Cir. 2012); Roye v. Att'y Gen., 693 F.3d 333, 343 n.12 (3d Cir. 2012). Napier contends that "the Board clearly committed a legal error when it found that there was not sufficient evidence of public official involvement or willful blindness," but, as we explained above, this is merely a factual argument in legal clothing. See, e.g., Conteh v. Gonzales, 461 F.3d 45, 63 (1st Cir. 2006) (explaining that jurisdictional bar "extends to review of the BIA's factual findings as to credibility, evidentiary weight, and satisfaction of a correctly framed burden of proof").

Accordingly, we will dismiss the petition for review.

---

[1] At one point, Napier alleges that, contrary to our decision in Zubeda v. Ashcroft, 333 F.3d 463, 474 (3d Cir. 2003), the BIA required him to establish that his potential torturers had the specific intent to harm him. While this could theoretically amount to a legal argument, the BIA imposed no such requirement; rather, it merely examined "what is likely to happen to the petitioner if removed," which, we have held, is a factual question. Kaplun, 602 F.3d at 271. (The argument is also misplaced. See Pierre v. Att'y Gen., 528 F.3d 180, 189 (3d Cir. 2008) (en banc) ("the CAT requires a showing of specific intent").)

4