PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1572
_____

SEEMABAHEN G. PATEL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A073-172-524)
Immigration Judge:  Honorable Eugene Pugliese

_____

Argued July 12, 2010

Before: RENDELL, JORDAN and GREENAWAY, JR.,
Circuit Judges

(Filed: August 24, 2010)

—————

Robert Frank, Esq.   **[ARGUED]**
Frank & York
60 Park Place
Suite 1010
Newark, NJ 07102
    *Counsel for Petitioner*
    *Seemabahen G. Patel*

Kate Deboer Balaban, Esq.
Eric H. Holder, Jr. Esq.
Susan K. Houser, Esq.
Thomas W. Hussey, Esq.
John J. W. Inkeles, Esq.   **[ARGUED]**
U.S. Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
    *Counsel for Respondent*
    *Attorney General of the United States*

RENDELL, <u>Circuit Judge</u>.

Seemabahen Patel has filed a petition for review of the Board of Immigration Appeals' ("BIA") final order affirming the denial of her application for cancellation of removal. She has also requested a stay of the voluntary departure ordered by the Immigration Judge ("IJ"). At issue is whether we have jurisdiction over her petition for review, which challenges an adverse "hardship" determination, and whether, pursuant to 8 C.F.R. § 1240.26(i), we have the ability to stay her voluntary departure once she has filed a petition for review. We conclude that we lack the ability to stay her voluntary departure because, pursuant to that regulation, her voluntary departure terminated upon her filing of a petition for review. We also conclude that we lack jurisdiction to consider her challenge to the agency's discretionary determination as to her claim of hardship.

**Background**

Patel, a citizen of India, entered the United States illegally in 1992. On April 29, 2006, Patel was issued a Notice to Appear and was charged with being subject to removal. Patel

3

conceded removability, but applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), claiming that her removal would cause her husband and her son, both United States citizens, "exceptional and extremely unusual hardship." During her hearing before the IJ, Patel presented evidence that her 11-year old son was a strong student and was engaged in local community activities. She urged that moving her family to India would deprive her son of educational opportunities that he could only have in the United States. Additionally, Patel contended that living in India would be a hardship to her husband, who suffers from a thyroid condition, which is managed with daily medication. After reviewing the evidence, the IJ concluded that any hardship created by the prospect of Patel's removal was not "exceptional or extremely unusual." App. 57, 62. In doing so, the IJ noted that Patel's son was a "good student" and a "bright boy," but that he was not a "budding genius" or "a prodigy of any sort who is now going to be deprived of an opportunity to develop [his] abilities" if required to live with his mother in India. App. 9-10. Consequently, the IJ denied Patel's application for cancellation of removal and granted her voluntary departure. The IJ's decision was affirmed by the BIA without opinion. The BIA's final order included a warning, as required by 8 C.F.R. § 1240.26(i), that:

> if, prior to departing the United States, the respondent filed any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act,

4

8 U.S.C. § 1252, the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect.

App. 3.

On appeal, Patel challenges the IJ's hardship determination, contends that the IJ was unfairly predisposed to find against her,[1] and seeks a stay of her voluntary departure period.

**Discussion**

I. *Exceptional and Extremely Unusual Hardship*

An alien who is removable from the United States is

---

[1] Patel did not raise her claim that the IJ was predisposed against her on appeal to the BIA. She has thus failed to exhaust her remedies as to this claim and we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1) (requiring the exhaustion of all administrative remedies available to an alien before a court may review a final order of removal); *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005) (holding that we lack jurisdiction over a petition for review based on a claim that could have been, but was not, brought before the BIA). Additionally, even if we were to consider this claim on the merits we would not grant relief because the IJ's comments during the hearing do not demonstrate a predisposition against Patel.

eligible for cancellation of removal if she:

> **(A)** has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> **(B)** has been a person of good moral character during such period;
>
> **(C)** has not been convicted of an offense under section 1182(a)(2)**,** 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> **(D)** *establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.*[2]

8 U.S.C. § 1229b(b)(1) (emphasis added).

We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including "exceptional and extremely unusual" hardship determinations. 8 U.S.C.

---

[2] The IJ found that Patel satisfied 8 U.S.C. §§ 1229b(b)(1)(A) through (C), yet failed to establish "exceptional and extremely unusual hardship" under § (D).

6

§ 1252(a)(2)(B)(i); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003). Our review is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Francois v. Gonzales,* 448 F.3d 645, 648 (3d Cir. 2006).

Patel concedes that we cannot review the IJ's discretionary determinations, yet urges that the IJ's misapplication of the hardship standard presents a question of law. Patel contends that the IJ failed to consider all of the consequences of moving her family to India and that the IJ "undervalued the severity of hardship when considering the extraordinary academic achievement of [Patel's] son and the emotional and financial impact on him and [Patel's] husband" of moving to India. Pet'r Br. 5-6.

Challenges to "exceptional and extremely unusual" hardship determinations constitute "quarrels over the exercise of discretion and the correctness of factual findings" and do not raise constitutional claims or questions of law. *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008), *quoting Camara v. Dep't of Homeland Sec.,* 497 F.3d 121, 124 (2d Cir. 2007). We do not have jurisdiction to review the IJ's discretionary determination that the hardship to Patel's son and husband did not satisfy the "exceptional and extremely unusual" requirements of 8 U.S.C. § 1229b(b)(1)(D). *Id.* at 179. We recently clarified that, while we do not have jurisdiction to "rehash" the IJ's determination of whether an alien meets this hardship requirement, we do have jurisdiction to review whether

7

the IJ used the correct legal standard to reach this determination. *Pareja v. Att'y Gen.*, _ F.3d _ , No. 08-4598, 2010 WL 2947239 at *4 (3d Cir. July 29, 2010). Although Patel claims to be challenging the IJ's misapplication of a legal standard, she is actually asserting that she met her burden of showing an exceptional hardship. We do not have jurisdiction to review this claim because it challenges a discretionary determination and does not present a constitutional question or a question of law. *Id.*; *see also Mendez-Moranchel,* 338 F.3d at 179; *Sukwanputra v. Gonzales,* 434 F.3d 627, 635 (3d Cir. 2006).

II. *Stay of Voluntary Departure*

Our ability to grant a stay of voluntary departure is limited by a recent regulation, 8 C.F.R. § 1240.26(i), that took effect on January 20, 2009 and states, in relevant part:

> (i) Effect of filing a petition for review. *If, prior to departing the United States, the alien files a petition for review pursuant to section 242 of the Act (8 U.S.C. 1252) or any other judicial challenge to the administratively final order, any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal entered pursuant to paragraph (d) of this section shall immediately take effect*, except that an alien granted the privilege of voluntary departure under 8 C.F.R. 1240.26(c) will not be

8

deemed to have departed under an order of removal if the alien departs the United States no later than 30 days following the filing of a petition for review, provides to DHS such evidence of his or her departure as the ICE Field Office Director may require, and provides evidence DHS deems sufficient that he or she remains outside of the United States. The Board shall advise the alien of the condition provided in this paragraph in writing if it reinstates the immigration judge's grant of voluntary departure. . . . Since the grant of voluntary departure is terminated by the filing of the petition for review, the alien will be subject to the alternate order of removal, but the penalties for failure to depart voluntarily under section 240B(d) of the Act shall not apply to an alien who files a petition for review, and who remains in the United States while the petition for review is pending. [3]

(Emphasis added). The Attorney General has the authority to promulgate regulations that limit eligibility for voluntary departure. 8 U.S.C. § 1229c(e). Our review of such regulations

---

[3] Also, subsection (f) of 8 C.F.R. § 1240.26 deals with extending the time to depart and states that "the filing of a petition for review has the effect of automatically terminating the grant of voluntary departure, and accordingly also does not toll, stay, or extend the period allowed for voluntary departure."

9

is, again, limited to constitutional claims or questions of law. *Id.*; 8 U.S.C. § 1252(a)(2)(D). Under the plain language of 8 C.F.R. § 1240.26(i), we cannot stay a grant of voluntary departure after a petitioner seeks judicial review because the grant has already terminated.

Patel concedes that this regulation is unambiguous, yet cites *Obale v. Attorney General*, in which we held that we had jurisdiction to grant a stay of voluntary departure. 453 F.3d 151 (3d Cir. 2006). However, *Obale* predated the effective date of 8 C.F.R. § 1240.26 and our holding was based on the fact that there was "no indication that Congress intended to eliminate this court's equitable jurisdiction to grant a stay of the voluntary departure period." *Id.* at 157. The regulation now controls, and requires a contrary finding.

Patel next challenges the propriety of the regulation, explaining that an alien's statutory right to seek judicial review "should not prevent [her] from availing [herself] of forms of relief to which [she] would otherwise be entitled." Pet'r Mem. in Support of Jurisdiction to Stay, 4. As the Supreme Court has explained, however, a voluntary departure arrangement between an alien and the government is a *quid pro quo*. *See Dada v. Mukasey*, 128 S.Ct. 2307, 2319 (2008) ("Voluntary departure is an agreed-upon exchange of benefits, much like a settlement agreement. In return for anticipated benefits, including the possibility of readmission, an alien who requests voluntary departure represents that he or she has the means to depart the

10

United States and intends to do so promptly.") (internal quotation marks omitted); *see also Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 283 (3d Cir. 2004) (explaining that the "purpose of authorizing voluntary departure in lieu of deportation is to effect the alien's prompt departure without further trouble to the [government]. Both the aliens and the [government] benefit thereby.") (*quoting Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1173 (9th Cir. 2003)).

We conclude that, given the mutual benefit envisioned in the grant of voluntary departure, there is nothing wrong with conditioning the right to voluntarily depart on the alien's relinquishing the right to engage in appeal proceedings. In *Dada,* the Court noted the choices available to the alien, stating that an alien "has the option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion." 128 S.Ct. at 2319-20.[4] *Dada* anticipated the enactment of 8 C.F.R. § 1240.26[5],

---

[4] At the time of the *Dada* decision, voluntary departure automatically withdrew an alien's motion to reopen, but if an alien overstayed her departure date, she would be subject to penalties. Therefore, an alien was forced to choose between departing and foregoing her motion to reopen, or staying in the United States and incurring penalties for failing to timely depart. The Supreme Court found this conflict "untenable" and resolved

(continued...)

11

recognizing that the automatic termination of an alien's grant of voluntary departure upon the filing of a motion to reopen was permissible. Therefore, it follows that the automatic termination of an alien's grant of voluntary departure upon the filing of a petition for review, and conditioning the grant of voluntary departure upon the alien's foregoing that right, is similarly unobjectionable.[6]

---

[4](...continued)
it by allowing an alien an opportunity to withdraw her motion for voluntary departure before the time for her to depart had expired. *Dada*, 128 S. Ct. at 2311.

[5] "[T]he DOJ has proposed an amendment to 8 C.F.R. § 1240.26 that, prospectively, would 'provide for the automatic termination of a grant of voluntary departure upon the timely filing of a motion to reopen or reconsider, as long as the motion is filed prior to the expiration of the voluntary departure period.'" *Dada*, 128 S.Ct. at 2318. Section 1240.26 thus eliminates one of the *Dada* Court's primary concerns, *i.e.* that an alien who fails to timely depart in order to pursue a motion to reopen would be subject to penalties. By automatically terminating a grant of voluntary departure upon the filing of a motion to reopen or a petition for review, the regulation at issue protects an alien from penalties for failure to depart within the allotted time period.

[6] The right to file a petition for review and the right to file a motion to reopen are both provided by statute. 8 U.S.C. § 1252;

(continued...)

Furthermore, under 8 C.F.R. § 1240.26(i), an alien does not necessarily lose her right to file a petition for review. If she voluntarily departs within 30 days of filing a petition for review and provides evidence that she remains outside of the United States, she will not be deemed to have departed under an order of removal,[7] and can thus pursue her petition for review.

----

[6](...continued)
8 U.S.C. § 1229a(c)(7).
We previously noted, in dicta, that 8 C.F.R. § 1240.26(i) clarifies:

> that the filing of a petition for review automatically *terminates* the grant of voluntary departure. The new regulation thus reinforces the nature of voluntary departure as an 'agreed-upon exchange of benefits,' and stresses the *choice* an alien must make between the benefits of voluntary departure, with its concomitant obligation to depart promptly, on one hand, or pursuing litigation without agreeing to depart promptly, on the other.

*Sandie v. Att'y Gen.*, 562 F.3d 246, 252 n. 5 (3d Cir. 2009).

[7] "[A]n alien granted the privilege of voluntary departure under 8 C.F.R. 1240.26(c) will not be deemed to have departed under an order of removal if the alien departs the United States no later than 30 days following the filing of a petition for review, provides to DHS such evidence of his or her departure

(continued...)

13

For the foregoing reasons, we will DISMISS Patel's petition for review for lack of jurisdiction, and DENY her motion for a stay of voluntary departure in light of 8 C.F.R. § 1240.26(i).

---

[7](...continued)
as the ICE Field Office Director may require, and provides evidence DHS deems sufficient that he or she remains outside of the United States." 8 C.F.R. § 1240.26(i).