NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3975
_____

GAZI SARWAR HUSSAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A070-910-171)
Immigration Judge:  Honorable Henry Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2011

Before:  RENDELL, AMBRO and NYGAARD, Circuit Judges

(Opinion Filed: November 21, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Gazi Sarwar Hussan petitions for review of the Board of Immigration Appeals's

order affirming the decision of the Immigration Judge denying his application for asylum,

withholding of removal, protection under the United Nations Convention Against

Torture, and cancellation of removal. For the following reasons, we will deny the petition for review.

## I.

Hussan, a native and citizen of Bangladesh, entered the United States on June 3, 1992, without a valid entry document. Hussan is a member of the Jatiya Party, and claims that he will be persecuted on account of his political opinion if he returns to Bangladesh, which is controlled by the Bangladesh National Party.

To support his claim, Hussan testified that he was peacefully leading a political demonstration on Bangladesh Independence Day, March 26, 1991, to demand the release of Jatiya Party member and former President Hussain Muhammad Ershad when he and other members of his party were attacked by BNP members who threw stones and brandished sticks. Although he declares that they did nothing wrong, Hussan and some of his fellow demonstrators were arrested and charged with inciting a riot in connection with the March 26 events. Hussan attended some of the pre-trial hearings in his criminal case, but was again beaten by BNP members as he left one of the hearings, this time severely, causing injuries to his leg that required him to seek treatment in a hospital. Hussan testified that he continued to receive threats, and so he stopped attending his hearings, went into hiding, and ultimately fled.

The Bangladeshi trial court convicted Hussan's four co-defendants of crimes related to the violence that occurred during the March 26 demonstration, but their convictions were overturned on appeal. The trial court also convicted Hussan, *in absentia*, and sentenced him to three years in prison. Because Hussan had already fled

Bangladesh, however, he was not able to file an appeal. His lawyer in Bangladesh confirmed that the time to appeal his conviction has expired.

In addition to his own testimony, Hussan called a former Jatiya Party member, who testified that the police in Bangladesh held an outstanding warrant for Hussan's arrest. Hussan also provided documents from the Bangladeshi court confirming his conviction as well as letters from the Jatiya Party confirming his position in the party and corroborating the facts of Hussan's co-defendants' convictions and subsequent appeals.

The IJ denied Hussan relief, finding that Hussan had not proven persecution on account of political opinion. Instead, the IJ reasoned, the record indicated that Bangladesh had lawfully prosecuted Hussan for participating in what ultimately became a riot. The IJ noted that, apart from his own testimony, Hussan had not produced additional evidence supporting his claim that he was wrongfully prosecuted, or that he had sustained a leg injury requiring hospital treatment. The IJ also found that Hussan had failed to demonstrate that his removal would cause his United States citizen children exceptional or extremely unusual hardship, or that he would be tortured if returned to Bangladesh. Thus, the IJ determined that Hussan had not met his burden and denied his application for relief. The BIA affirmed.

## II.

Hussan now petitions this Court for review. Chiefly, Hussan asserts that the IJ and the BIA improperly required corroborating evidence, and denied his petition on this

3

ground without first affording him notice and the opportunity to provide such evidence.[1]

Because we find that substantial evidence supports the IJ's and the BIA's determination that Hussan failed to meet his burden of proof on his asylum and withholding of removal claims, and that his cancellation of removal and CAT claims also fail, we will deny Hussan's petition for review.[2]

**A.**

As the petitioner, Hussan bears the burden of proof to establish a well-founded fear of persecution as part of his asylum and withholding of removal claims. *Shardar v. Ashcroft*, 382 F.3d 318, 323 (3d Cir. 2004). Whether a petitioner has adequately demonstrated such a fear of persecution is a finding of fact, which we review under the substantial evidence standard; we will reverse only where "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Hussan argues that the BIA erred by refusing to allow him to supplement the record and remand his case to the IJ to follow the procedural requirements we set forth in *Abdulai v. Ashcroft*. 239 F.3d 542, 554 (3d Cir. 2001) (establishing procedural requirements for dismissing petition for asylum based on failure to produce corroborating

---

[1] Hussan raises several additional challenges, including allegations that the IJ improperly allowed into evidence documents not previously served on him, applied erroneous standards of law, made erroneous determinations of fact, and that the hearing was conducted in a prejudicial manner. The BIA, however, found that the adequacy or inadequacy of proof in the record would ultimately control the disposition of Hussan's appeal. The BIA also noted that the record did not reflect any prejudice otherwise preventing Hussan from presenting his case. We agree, and as such we will focus our discussion on the burden of proof and corroboration issues.

[2] The BIA had jurisdiction over Hussan's appeal from the IJ's determination under 8 C.F.R. § 1003.1. This Court's jurisdiction arises under 8 U.S.C. § 1252.

4

evidence).  But the IJ did not deny Hussan relief based merely on the absence of corroborating evidence.  Instead, the IJ determined that the evidence Hussan presented did not establish his eligibility for relief.

We previously denied a petition for review on facts almost identical to those before us.  *See Shardar*, 382 F.3d at 320.  In *Shardar v. Ashcroft*, the petitioner, also a member of Bangladesh's Jatiya Party, claimed fear of persecution based on his political opinion.  *Id.*  To support his claim, the petitioner offered his own testimony, and also presented documentary evidence including a police report, court records, an outstanding arrest warrant, and letters from his lawyer, the Jatiya Party, and a medical clinic that treated the petitioner for injuries.  *Id.* at 321 (highlighting police report, which stated that petitioner led others to engage in violent protest).  The IJ determined that the petitioner had in no way met his burden of proof because the objective evidence established that the government sought to prosecute the petitioner for his violent behavior, not to persecute him for expressing a political opinion.  *Id.*  The BIA affirmed.  *Id.* at 322.  We denied the petition for review, finding that substantial evidence supported the BIA's order.  *Id.* at 323 ("[T]he IJ did not merely deny Shardar's claim because of the absence of corroborating evidence.  Rather, the documentary evidence that was presented conflicted with Shardar's contention that the demonstration was peaceful.").  We also acknowledged the difference between *persecution* and *prosecution*: "As a general matter, . . . fear of prosecution for violations of 'fairly administered laws' does not itself qualify one as a 'refugee' or make one eligible for withholding of deportation." *Id.* (citation omitted).

5

In light of the similarities between this case and *Shardar*, we cannot conclude that this record compels us to reach a conclusion contrary to that of the IJ and the BIA. As in *Shardar*, the record in this case indicates that Bangladesh lawfully prosecuted Hussan for his role in what began as a political demonstration but ended as a riot. Hussan's proposed supplemental evidence—including medical records, letters from his co-defendants, the appellate court judgment reversing his co-defendants' convictions, and a party chairman's affidavit—does not disprove the BIA's conclusion. Instead, as the BIA noted, this evidence suggests that had Hussan remained in Bangladesh, he too could have used the court system to challenge the charges against him.

Furthermore, prosecution under generally applicable laws only constitutes grounds for asylum where such prosecution is motivated by a statutorily protected ground, and the punishment under the law is sufficiently serious to constitute persecution. *See id.* (citations omitted). Hussan has made no such showing here. While he may understandably fear imprisonment in Bangladesh for his conviction arising from the 1991 protest—indeed, it appears that the time for him to appeal the conviction has run—that fear alone does not demonstrate persecution.

**B.**

The BIA also affirmed the IJ's denial of Hussan's application for cancellation of removal because Hussan had not demonstrated that his removal would result in exceptional and extremely unusual hardship for his United States citizen children. We lack jurisdiction to review that discretionary determination. *See Patel v. Attorney Gen. of the U.S.*, 619 F.3d 230, 232 (3d Cir. 2010) ("We lack jurisdiction to review discretionary

6

decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations.") (citations omitted).

## C.

Lastly, substantial evidence supports the BIA's denial of CAT relief. Apart from the evidence offered to support his petition for asylum and withholding of removal, which fails for the reasons set forth above, Hussan has not provided any additional evidence demonstrating that it is more likely than not that he would be tortured if removed to Bangladesh.

## III.

For the foregoing reasons, we will deny Hussan's petition for review.