PSM-039                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2331
_____

ALBENIS PITERS-ROSA,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-032-222)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: January 11, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Albenis Pieters-Rosa is a citizen of the Netherlands who is removable for being

present without valid entry documents.  See 8 U.S.C. § 1182(a)(7)(A)(i)(I).  He applied

for cancellation of removal under 8 U.S.C. § 1229b(b) and other relief not now relevant.

That application required him to show that his removal "would result in exceptional and extremely unusual hardship" to his qualifying relatives, in this case his United States citizen wife and children. 8 U.S.C. § 1229b(b)(1)(D). The Immigration Judge, after hearing testimony and applying the standard set forth in In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), and In re Recinas, 23 I. & N. Dec. 467 (BIA 2002), concluded that Pieters-Rosa had not demonstrated the requisite hardship, denied his application, and ordered his removal to the Netherlands. The Board of Immigration Appeals affirmed, and Pieters-Rosa petitions for review. The Government has filed a motion to dismiss on the ground that we lack jurisdiction. We agree.

Pieters-Rosa's sole argument on review is that the Agency erred in denying his cancellation application because "[t]he record shows that Petitioner did substantiate the hardship requirement[.]" As the Government argues, we lack jurisdiction to review the discretionary denial of cancellation of removal, including the Agency's determination that a petitioner did not show sufficient hardship. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010). We retain jurisdiction in this context only to review colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Patel, 619 F.3d at 232. Pieters-Rosa has not raised any such claims or questions, colorable or otherwise. Instead, his sole argument is that he "met [his] burden of showing an exceptional hardship. We do not have jurisdiction to review this claim because it challenges a discretionary determination and does not present a constitutional question or a question of law." Patel, 619 F.3d at 233. Thus, the Government's motion is

2

granted and the petition will be dismissed.