NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1671
_____

HUGO HAROLDO CORDON-RAMIREZ,
a/k/a Hugo Haroldo Cordon,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A-070-778-111)
Immigration Judge: Hon. Miriam K. Mills
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 13, 2015

Before:  CHAGARES, JORDAN, and VANASKIE, *Circuit Judges*.

(Filed: March 3, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Hugo Haroldo Cordon-Ramirez petitions for review of an order of the Board of Immigration Appeals ("the Board"). We will deny the petition.

## I.    Background

Cordon-Ramirez, a native and citizen of Guatemala, entered the United States without inspection and, through counsel, conceded removability. After several continuances, he appeared before an immigration judge on August 13, 2012, for his final removal hearing. The immigration judge denied any further continuances and entered an order of voluntary departure. Cordon-Ramirez forfeited his opportunity for voluntary departure by investing time in an appeal to the Board, but, when it upheld the immigration judge's denial of the continuance, the Board reinstated a period for voluntary departure. Citing 8 C.F.R. § 1240.26(i),[1] the Board also appended a notice at the end of its order warning that the grant of voluntary departure would be terminated if

---

[1] The regulation provides, in part, as follows:
> If, prior to departing the United States, the alien files a petition for review pursuant to section 242 of the Act (8 U.S.C. 1252) or any other judicial challenge to the administratively final order, any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge and the alternate order of removal entered pursuant to paragraph (d) of this section shall immediately take effect, except that an alien granted the privilege of voluntary departure under 8 CFR 1240.26(c) will not be deemed to have departed under an order of removal if the alien departs the United States no later than 30 days following the filing of a petition for review, provides to DHS such evidence of his or her departure as the ICE Field Office Director may require, and provides evidence DHS deems sufficient that he or she remains outside of the United States. …

8 C.F.R. § 1240.26(i).

Cordon-Ramirez filed a petition for judicial review. Cordon-Ramirez nevertheless timely filed the present petition.

## II. Discussion[2]

Cordon-Ramirez does not challenge the Board's conclusion regarding his request for a continuance, nor does he attack the order of removal itself. Instead, he argues solely that the regulation effectuating the termination of the voluntary departure order is invalid.

Under 8 C.F.R. § 1240.26(i), an order of voluntary departure is automatically terminated upon the filing of a petition for judicial review, and an alternate order of removal is entered. Cordon-Ramirez argues that section 1240.26(i) is inconsistent with statutes governing judicial review because it effectively denies aliens the right to judicial review, or at least severely penalizes them for exercising that right. Specifically, he argues that the regulation is inconsistent with 8 U.S.C. § 1252(a)(2)(D), which protects judicial review "of constitutional claims or questions of law," and with 8 U.S.C. § 1229c(f), which states, "No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure."[3] In the alternative, Cordon-Ramirez argues that, to the

---

[2] The Board had jurisdiction under 8 U.S.C. § 1103(g)(2) and 8 C.F.R. § 1003.1(b)(3); we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the Board's legal conclusions de novo, subject to the principles outlined in *Chevron, U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Catwell v. Att'y Gen.*, 623 F.3d 199, 205 (3d Cir. 2010).

[3] Cordon-Ramirez's theory as to 8 U.S.C. § 1229c(f) is that "Congress only intended to prohibit judicial review regarding an alien granted voluntary departure IF the

3

extent the statutes are silent or ambiguous, the regulation is unreasonable. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984) (stating that courts defer only to an agency's *reasonable* interpretation of statutes it administers when Congress has not clearly spoken to "the precise question at issue").

Cordon-Ramirez's arguments are foreclosed by *Patel v. Attorney General*, 619 F.3d 230 (3d Cir. 2010). In *Patel*, a petitioner "challenge[d] the propriety of the regulation" at issue here. *Id.* at 234. Although we did not discuss the *Chevron* doctrine or the specific statutes Cordon-Ramirez cites, we explicitly held that, "given the mutual benefit envisioned in the grant of voluntary departure, there is nothing wrong with conditioning the right to voluntarily depart on the alien's relinquishing the right to engage in appeal proceedings." *Id.* We relied on the Supreme Court's description of the purpose behind voluntary departure in *Dada v. Mukasey*, 554 U.S. 1 (2008), which recognized that "the automatic termination of an alien's grant of voluntary departure upon the filing of a motion to reopen was permissible." *Patel*, 619 F.3d at 234-35. As the Supreme Court explained, "Voluntary departure is an agreed-upon exchange of benefits, much like a settlement agreement. In return for anticipated benefits, including the possibility of readmission, an alien who requests voluntary departure represents that he or she has the means to depart the United States and intends to do so promptly." *Dada*, 554 U.S. at 19 (internal quotation marks omitted). Thus, in *Patel*, we concluded that, based on the Supreme Court's reasoning, "it follows that the automatic termination of an alien's grant

---

alien challenged the administrative order that addressed the issue of voluntary departure." (Petitioner's Br. at 10 (emphasis in original).)

of voluntary departure upon the filing of a petition for review, and conditioning the grant of voluntary departure upon the alien's foregoing that right, is … unobjectionable." *Patel*, 619 F.3d at 235.

If that were not enough to dispose of Cordon-Ramirez's claim, the implications of *Patel* for a *Chevron* analysis are inescapable. The statute is silent as to how, if at all, a petition for review affects an order of voluntary departure. The statute does, however, authorize the Attorney General to adopt regulations that "limit eligibility for voluntary departure under this section for any class or classes of aliens." 8 U.S.C. § 1229c(e). It further states that "[n]o court may review any regulation issued under this subsection." *Id.* Furthermore, the analyses in *Dada* and *Patel* demonstrate that the regulation in question is reasonable: voluntary departure represents a *quid pro quo* agreed upon by the government and the alien, *Dada*, 554 U.S. at 11, and an otherwise removable alien gives up the right to enjoy the benefits of voluntary departure if he also requires the government to continue litigating his case, *Patel*, 619 F.3d at 234-35. Such a scheme withstands scrutiny under *Chevron*. *Cf. Chevron*, 467 U.S. at 845 ("If this choice represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute, we should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned." (internal quotation marks omitted)). The two circuits that have expressly addressed this issue under the *Chevron* doctrine have reached the same conclusion. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 525-28 (9th Cir. 2012) (en banc) (concluding

5

that 8 C.F.R. § 1240.26(i) is reasonable); *Hachem v. Holder*, 656 F.3d 430, 438-39 (6th Cir. 2011) (same).  Cordon-Ramirez's challenge therefore fails.[4]

III.  **Conclusion**

For the foregoing reasons, we will deny the petition for review.

---

[4] Cordon-Ramirez also argues in passing that, if we conclude that the relevant statutes are silent or ambiguous on the issue of how a petition for review affects voluntary departure, we should direct the Board to consider the issue in a precedential opinion interpreting the statutes so that we may then defer to that interpretation.  But even if Cordon-Ramirez were correct that we must first allow the relevant agency to interpret a statute before we undertake that task, the agency has already done so in the form of a regulation, and it is that interpretation that we are now asked to review.