NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1322
_____

OSCAR CAZAREZ-ARGUELLO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Steven A. Morley
(No. A200-687-520)

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2019

Before: AMBRO, HARDIMAN and FUENTES, <u>Circuit Judges</u>

(Opinion filed: January 17, 2019)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Oscar Cazarez-Arguello came to the United States unlawfully from Mexico in 1990 and has been here ever since. He lives with his ex-wife and their adult U.S. citizen daughter, Linda.

In 2010, the Government began removal proceedings against Cazarez-Arguello. He conceded that he was removable and requested cancellation of removal on the ground that his departure would cause Linda to suffer "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D). He is close with Linda, who suffers from depression and anxiety. On this basis, an Immigration Judge cancelled his removal, but the Board of Immigration Appeals reversed. On appeal to our Court, Cazarez-Arguello argues that the BIA abused its discretion in reversing the IJ's decision.

We have no jurisdiction to hear this petition. Except under circumstances not pertinent here, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [8 U.S.C. § 1229b]." 8 U.S.C. § 1252(a)(2)(B)(i). The case before us presents a factual dispute about a predicate for relief under § 1229b: whether Linda will suffer "exceptional and extremely unusual hardship" if her father is removed. *See* 8 U.S.C. § 1229b(b)(1)(D). "We have squarely held that because 'the decision whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is a discretionary judgment,' we lack jurisdiction to review such a decision." *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) (quoting *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003)); *see also id.* (no appellate jurisdiction over argument that "the BIA gave

short shrift to [the alien's] evidence or failed to adequately account for the hardship [that a qualifying relative] would suffer in the event of removal").

Even Cazarez-Arguello frames the question presented as a factual determination we may not reach: whether "his removal from the United States would result in exceptional and extremely unusual hardship to his twenty-one year old daughter, who . . . depends in large part upon her father for her sense of well being and security." Pet'r Br. at iii. The IJ emphasized Linda's "mental and emotional fragility" and the potential "financial dislocation" that would result from her father's departure. A.R. 64. Cazarez-Arguello and Linda have a "very close bond," A.R. 60, and she had trouble sleeping when he was first detained, A.R. 64. On the financial front, the IJ observed that without Cazarez-Arguello contributing his earnings to the household, Linda is unlikely to have the resources to obtain a GED and go to college. A.R. 64–65.

By contrast, the BIA stressed that Linda is an employed adult, has a serious boyfriend, and is closer to her mother than her father. *See* A.R. 60. Evidence as to treatment of Linda's depression is scant, consisting of a single letter from a therapist who last treated her in 2013. *See* A.R. 4, 484. And concerns about the financial and educational hardship wrought by Cazarez-Arguello's removal are speculative; Linda is not currently working toward a GED and has no definite plans for college. A.R. 4. To be sure, the BIA acknowledged the "close and loving relationship" between father and daughter and the "adverse emotional impact" that Linda will suffer if Cazarez-Arguello is removed. A.R. 4–5. But it concluded that the situation did not meet the "exceptional and extremely unusual hardship" standard, which requires hardship "substantially beyond the

3

ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) (quotations omitted).

In sum, this case presents just the sort of difficult factual dispute that we may not resolve. Because "we may not rehash the BIA's hardship calculation," *Pareja*, 615 F.3d at 187, we must dismiss the petition for lack of jurisdiction. *See also Patel v. Att'y Gen.*, 619 F.3d 230, 233 (3d Cir. 2010).