NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3006

_____

JOSE SERRANO-ARIAS,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1: A205-829-261)
Immigration Judge:  Charles Honeyman

_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 2, 2021

BEFORE:  HARDIMAN, PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: July 7, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

COWEN, Circuit Judge.

Jose Serrano-Arias petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen. We will dismiss his petition.

I.

Serrano-Arias is a native and citizen of Mexico. He entered the United States without being admitted or paroled, and removal proceedings were subsequently commenced. Conceding removability, Serrano-Arias filed an application for cancellation of removal. On June 7, 2017, the Immigration Judge ("IJ") denied the application on the grounds that Serrano-Arias failed to establish by a preponderance of the evidence that his children (Jose, Alexis, and Ivan) "would suffer exceptional and extremely unusual hardship [under 8 U.S.C. § 1229b(b)(1)(D)] given what is intended by the statutory provisions, legislative history, and applicable case law." (AR117-AR118.) Serrano-Arias appealed to the BIA. In its April 25, 2018 decision, the agency dismissed the appeal. The BIA specifically "agree[d] with the Immigration Judge that the respondent does not qualify for cancellation of removal because he did not demonstrate that his removal would result in exceptional and extremely unusual hardship to any of his qualifying relatives, his three United States citizen children." (AR72.) The BIA also found no clear error in the IJ's findings of fact and rejected Serrano-Arias's assertion that the IJ denied his due process rights by failing to provide a thorough analysis of all of the factors relating to the hardship determination.

Serrano-Arias filed a "Motion to Reconsider in Light of Pereira v. Sessions" with

the BIA on October 10, 2018. (AR42 (addressing Pereira v. Sessions, 138 S. Ct. 2105 (2018)).) On October 30, 2019, the BIA denied the motion for reconsideration. The BIA explained that the continuous presence requirement (addressed by the Supreme Court in Pereira) was not at issue and that instead his application for cancellation of removal was denied because he had failed to establish the requisite exceptional and extremely unusual hardship to a qualifying relative. In turn, the agency determined that "[t]he respondent has not alleged that our original decision affirming the Immigration Judge contains any errors of fact or law concerning the requisite hardship." (AR40.) Serrano-Arias filed a petition for review with this Court, which granted the government's motion for summary disposition and denied the petition on January 23, 2020. See Serrano-Arias v. Attorney General, 790 F. App'x 363 (3d Cir. 2020) (per curiam). We determined that the Pereira decision was irrelevant to the dispositive issue and, because he did not allege any other errors of fact or law in his motion for reconsideration, the BIA acted within its discretion by denying relief. In turn, the Court lacked jurisdiction with respect to Serrano-Arias's argument that the BIA had erred in affirming the IJ's hardship findings because he had failed to file a timely petition for review with respect to the initial agency decision.

On February 21, 2020, Serrano-Arias filed a motion entitled "Second Motion to Reconsider and Remand." (AR18.) The BIA denied this motion on September 3, 2020. According to the agency, "[i]nasmuch as this motion is a motion to reconsider, the motion is number barred because it is the respondent's second motion to reconsider." (AR3 (citing 8 C.F.R. § 1003.2(b)(2)).) The BIA explained that the motion was really a motion to reopen based on allegations of previously unavailable evidence, specifically

3

evidence that his United States citizen stepson (Irvin) was receiving psychological treatment due to his distress about Serrano-Arias's impending removal. The BIA determined that such a motion to reopen was untimely and did not fall within any exception to the time limit. "Further, [it] conclude[d] that neither sua sponte reopening nor equitable tolling of the 90-day filing deadline would be appropriate here because [Serrano-Arias's] motion [did] not establish prima facie eligibility for cancellation of removal." (Id. (citing INS v. Doherty, 502 U.S. 314, 332 (1992) (Scalia, J., concurring in the judgment in part and dissenting in part); In re L-O-G-, 21 I. & N. Dec. 413, 414 (BIA 1996)).) The BIA observed that, in order to establish prima facie eligibility for cancellation of removal, Serrano-Arias had to present evidence indicating a reasonable likelihood that a qualifying relative would experience exceptional and extraordinary hardship upon Serrano-Arias's removal. While expressly acknowledging his stepson's diagnosis and treatment, the BIA believed that "the hardship that the stepson is likely to experience is not so severe that it could be plausibly deemed 'exceptional and extremely unusual hardship.'" (AR4 (quoting In re Monreal, 23 I. & N. Dec. 56, 62 (BIA 2001)).) In addition to noting that Irvin's prognosis was described as moderate and that he would continue to be able to receive the necessary therapy in this country given Serrano-Arias's testimony that his children would remain in the United States, the agency pointed out that "this evidence is not new and previously unavailable, as [Serrano-Arias] submitted evidence of his son's psychological treatment with his previous motion to reconsider." (Id.) "Moreover, [the BIA] previously affirmed the Immigration Judge's conclusion that the emotional and economic hardship [Serrano-Arias's] qualifying relatives would

4

experience did not amount to the requisite hardship necessary, and [Serrano-Arias] has not provided new and previously unavailable evidence to establish that such hardship has since escalated." (Id. (citing AR72).)

## II.

Serrano-Arias does not challenge the BIA's conclusion that his motion was untimely under the 90-day framework for motions to reopen.[1] See, e.g., 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). He instead asserts that, "[r]egarding timeliness, the BIA has the authority of equitable [tolling] the filing of the motion or a sua sponte reopening." (Petitioner's Brief at 15.) According to Serrano-Arias, he "met his burden of showing this new evidence not available at the time of the merits hearing of exceptional and extremely unusual hardship reveals a 'reasonable likelihood that the statutory requirements for relief have been satisfied'" and established that "his immediate relatives are to suffer extreme and unusual hardship if he is removed from the United States, and the decision issued by the BIA constituted an abuse of discretion." (Id. at 9 (quoting Ordonez v. INS, 345 F.3d 777, 785 (9th Cir. 2003)).)

However, we lack the jurisdiction to review the BIA's denial of reopening on the grounds that "there is not a reasonable likelihood that the respondent would establish that his qualifying relatives would experience exceptional and extremely unusual hardship upon his removal" (AR4.) Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), this Court does not have the jurisdiction to review the agency's discretionary determinations regarding

---

[1] Serrano-Arias likewise does not contest the BIA's determination that, if it had been a motion for reconsideration, his motion would have been barred because he had already filed an earlier motion for reconsideration. See, e.g., 8 C.F.R. § 1003.2(b)(2).

5

cancellation of removal. See, e.g., Patel v. Attorney General, 619 F.3d 230, 232 (3d Cir. 2010). "The determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment." Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). We do retain jurisdiction over colorable legal or constitutional questions. See, e.g., 8 U.S.C. § 1252(a)(2)(D); Pareja v. Attorney General, 615 F.3d 180, 186 (3d Cir. 2010). But Serrano-Arias does not raise any colorable constitutional or legal claims. See, e.g., Pareja, 615 F.3d at 186 ("To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006))); Jarbough v. Attorney General, 483 F.3d 184, 189 (3d Cir. 2007) (stating that the Court "will look beyond" an attached label and "analyze the substance of a claim"). At best, his arguments are really objections to how the BIA considered and weighed his evidence as part of its discretionary hardship determination. See, e.g., Pareja, 615 F.3d at 186-87; Jarbough, 483 F.3d at 189.

III.

For the foregoing reasons, we will dismiss the petition for review.