**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1175

———————

FERNANDO FLORES MEDINA,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review from the Board of Immigration Appeals
(Agency No. A200-864-428)
Immigration Judge: David Cheng

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 23, 2023

Before: KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed  December 22, 2023)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FREEMAN, *Circuit Judge*.

Fernando Flores Medina petitions for review of the Board of Immigration Appeals' decision affirming the denial of his Application for Cancellation of Removal. For the reasons set forth below, we will dismiss the petition.

**I.**

Flores Medina is a native and citizen of Mexico. He entered the United States in January 2000. The Department of Homeland Security commenced removal proceedings against him in December 2010. It issued a Notice to Appear charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as a non-citizen present in the United States without having been lawfully admitted. Flores Medina admitted to the charge, and the Immigration Judge ("IJ") found him removable.

In September 2019, Flores Medina filed an Application for Cancellation of Removal and Adjustment of Status under 8 U.S.C. § 1229b(b)(1). To be eligible for cancellation of removal, a petitioner must establish that he or she:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1). The IJ denied the application because Flores Medina had not met his burden of proof to establish (1) his physical presence in the United States for the requisite period of time, (2) his good moral character during that period of time, and (3)

2

that his removal would result in exceptional and extremely unusual hardship to a qualifying relative.

Flores Medina appealed to the Board of Immigration Appeals ("BIA"). In December 2022, the BIA affirmed the IJ's denial of the Application for Cancellation of Removal because Flores Medina had not met his burden of proof to establish exceptional and extremely unusual hardship. The BIA reasoned that because the hardship issue was dispositive, it was unnecessary to address the other arguments on appeal.

Flores Medina timely petitioned this Court for review of the BIA's decision pursuant to 8 U.S.C. § 1228(b).

## II.

"This Court lacks jurisdiction to review the denial of discretionary relief, including cancellation of removal. We may, however, review constitutional claims or questions of law raised upon a petition for review[.]" *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (internal quotation marks and citations omitted). Therefore, our jurisdiction "is limited to colorable claims or questions of law." *Id.* (internal quotation marks and citations omitted). Challenges to an exceptional and extremely unusual hardship determination ordinarily involve questions of fact and discretion over which we have no jurisdiction. *See Patel v. Att'y Gen.*, 619 F. 3d 230, 233 (3d Cir. 2010). However, "where the BIA is alleged to have made a hardship determination based on an erroneous legal standard or on fact-finding which is flawed by an error of law, our jurisdiction to review that determination is secure." *Pareja*, 615 F.3d at 188 (internal quotation marks and citations omitted). We generally exercise plenary review over the BIA's legal determinations. *See id.* at 192.

3

## III.

Flores Medina asserts that the BIA applied incorrect legal standards when making its hardship determination. Specifically, he contends that the BIA (1) violated 8 C.F.R. § 1003.1(d)(3)(i) by making findings of fact *de novo*, and (2) failed to review the IJ's findings of fact properly. Neither of these is a colorable legal claim.

The BIA did not make *de novo* findings of fact. After reviewing the IJ's finding that Flores Medina's son does not have any medical problems, it simply held that the son would not be subject to qualifying hardship even if the IJ had credited Flores Medina's medical evidence. Flores Medina's remaining arguments challenge the agency's weighing of the evidence in support of hardship, and we lack jurisdiction to address them. *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) ("[A] disagreement about weighing hardship factors is a discretionary judgment call, not a legal question.").

\*   \*   \*

For the foregoing reasons, we will dismiss the petition for review.