NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3264
_____

ROGELIO QUIJADA-MORALES,
a/k/a Rogelio Morales Q.,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A200-766-880)
Immigration Judge:  Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2015

Before:  FISHER, CHAGARES and COWEN, *Circuit Judges*.

(Filed: June 17, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

Rogelio Quijada-Morales appeals a final order of removal issued by the Board of Immigration Appeals ("BIA") dismissing his appeal seeking discretionary cancellation of removal. We will deny the petition for review as to the constitutional claim, and dismiss the remainder of the petition for lack of jurisdiction.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Quijada-Morales is a Mexican citizen who illegally entered the United States in August 1994. The Department of Homeland Security commenced removal proceedings against Quijada-Morales in March 2011, charging him with inadmissibility as an alien present in the United States without being admitted or paroled.[1] On June 22, 2011, Quijada-Morales appeared before an immigration judge and, through counsel, he conceded inadmissibility as charged.

Quijada-Morales sought discretionary cancellation of removal under 8 U.S.C. § 1229b(b), which requires, among other things, that the nonpermanent resident show "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully

---

[1] 8 U.S.C. § 1182(a)(6)(A)(i).

admitted for permanent residence." Quijada-Morales based his application on hardships that his deportation would cause his five U.S. citizen children to suffer.

The Immigration Judge denied Quijada-Morales's application for discretionary cancellation of removal because he could not show that his children would suffer the requisite exceptional and extremely unusual hardship if he was deported. After identifying the relevant factors for assessing hardship, the Immigration Judge concluded that there was insufficient evidence showing that Quijada-Morales's children needed medical treatment going forward, and even if things changed and they needed medical treatment in the future, the Judge found that medical treatment would be adequate in Mexico. The Immigration Judge also discounted the hardship Quijada-Morales's children would face in Mexico because Quijada-Morales's mother and siblings still lived there and two of his children had previously visited Mexico. Finally, the Immigration Judge decided that even if the children remained in the United States, the children's mother would be able to provide for them.

Quijada-Morales appealed the Immigration Judge's decision to the BIA. The BIA agreed with the Immigration Judge, concluding that the Judge correctly applied the BIA's precedent to the facts of Quijada-Morales's case. Therefore, the BIA dismissed the appeal. Quijada-Morales filed a timely petition for review in this Court.

II.

We lack jurisdiction to review the BIA's discretionary decisions under 8 U.S.C. § 1229b(b).[2] "The determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment."[3] We therefore lack jurisdiction to the extent Quijada-Morales asks us to review whether the BIA correctly weighed the evidence in deciding that he failed to establish the requisite hardship.[4]

Although we lack jurisdiction to review the BIA's discretionary decision, we maintain jurisdiction over constitutional claims and questions of law.[5] Quijada-Morales's efforts to restore our jurisdiction by asserting these types of claims are generally unpersuasive. First, he contends that we should review the BIA's decision because it misapplied the holdings from its cases to the facts of his case. Importantly, Quijada-Morales does not argue that the Immigration Judge or BIA applied the wrong legal standard, which would present a legal question we would have jurisdiction to review.[6] Instead, Quijada-Morales's argument is that he met his burden of establishing the requisite hardship based on how his case is similar to or distinguishable from prior cases.

---

[2] 8 U.S.C. § 1252(a)(2)(B)(i).

[3] *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003).

[4] *See id.*

[5] *See Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(D)).

[6] *See id.* at 187–88.

4

This argument goes to the heart of the BIA's discretionary judgment, and as such, we lack jurisdiction to review it.[7]

We likewise lack jurisdiction to review Quijada-Morales's challenge to the Immigration Judge's decision to address the hardship analysis under two scenarios: first, if Quijada-Morales's children moved with him to Mexico, and second, if his children remained in the United States with their mother. The Immigration Judge and the BIA simply addressed two alternative scenarios. This issue presents no legal or constitutional claim, so we again lack jurisdiction to review it.

Finally, Quijada-Morales argues that his deportation amounts to cruel and unusual punishment to his children in violation of their Eighth Amendment rights.[8] "[R]emoval cannot violate the Eighth Amendment because it is not a criminal punishment,"[9] so we fail to see how Quijada-Morales's removal could in any way violate his children's Eighth Amendment rights. This argument borders on frivolousness,[10] but even if it is not frivolous, we have no trouble concluding there is no violation of Quijada-Morales's children's Eighth Amendment rights if he is deported. We will therefore deny this portion of the petition for review.

---

[7] *See Patel v. Att'y Gen.*, 619 F.3d 230, 233 (3d Cir. 2010).
[8] Petitioner Br. 14–16 (citing U.S. Const. amend. VIII).
[9] *Eid v. Thompson*, 740 F.3d 118, 126 (3d Cir. 2014).
[10] *See Pareja*, 615 F.3d at 187 ("If a claim is frivolous . . . we lack jurisdiction to review it, no matter its label.").

## III.

Accordingly, we will dismiss the appeal for lack of jurisdiction to the extent it asks us to review the BIA's discretionary denial of cancellation of removal, and we will deny the petition for review over the constitutional claim.