NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2504

_____

BERTIN BETANCOURT-SANTIAGO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A201-938-491
(Immigration Judge: Pallavi S. Shirole)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On April 20, 2021

_____

Before: AMBRO, RESTREPO, and RENDELL, *Circuit Judges*

(Filed: May 25, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Petitioner Bertin Betancourt-Santiago seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for cancellation of removal. **A.R. 3-4.** Because we lack jurisdiction to review the IJ's denial of discretionary relief, we will dismiss the petition.

Betancourt-Santiago, who entered the United States in 2006 without admission or parole, is a citizen of Mexico. **A.R. 225.** In 2018, Gael Bertin Betancourt-Martinez, the U.S. citizen son of Betancourt-Santiago and his partner Veronica Martinez-Nicolas, was born. **A.R. 71-72.** The following year, in October 2019, the Department of Homeland Security served Betancourt-Santiago with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Betancourt-Santiago, conceding removability, filed an application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

In order to be eligible for cancellation of removal, a petitioner must establish that he:

> **(A)** has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> **(B)** has been a person of good moral character during such period;
> **(C)** has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
> **(D)** establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1). The IJ found that Betancourt-Santiago satisfied the first three criteria, **A.R. 34**, but ultimately could not meet his burden in showing that his removal

2

would result in exceptional and extremely unusual hardship to his citizen child. **A.R. 37**. Betancourt-Santiago offered evidence concerning some developmental and communication delays experienced by his son, but the IJ reasoned that the son would continue to be eligible for subsidized healthcare and therapeutic services in the event of removal. **A.R. 37**. At the cancellation hearing, Petitioner also testified to the fact that he was the sole wage earner for the family, but the IJ cited evidence in the record showing that Veronica's relatives and friends had offered to support the household, and did not find the impending financial hardship to be "substantially different from hardship that would ordinarily result from someone's removal." A.R. 38.

The IJ accordingly denied the application, and Betancourt-Santiago appealed to the BIA, which affirmed the IJ. **A.R. 38, A.R. 3-4.** The BIA rejected Betancourt-Santiago's contention that the IJ did not apply the correct legal standard and failed to properly weigh the factors in assessing the hardship that would be faced by his son, noting that the IJ considered the financial and emotional difficulties that would result, along with the son's health concerns. **A.R. 3-4.** Betancourt-Santiago subsequently filed this petition for review.

We are vested with jurisdiction to review final orders from the BIA under 8 U.S.C. § 1252(a)(1). However, to the extent the petition for review invites us to "review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations," we lack jurisdiction. *Patel v. Att'y Gen. of U.S.*, 619 F.3d 230, 232 (3d Cir. 2010); *Hernandez-Morales v. Att'y Gen. of U.S.*, 977 F.3d 247, 249 (3d Cir. 2020) (noting "[w]e lack jurisdiction to review discretionary denials of relief under

§ 1229b."). Despite this bar, we do "retain jurisdiction over 'constitutional claims or questions of law.'" *Hernandez-Morales*, 977 F.3d at 249.

Betancourt-Santiago argues that he raises a constitutional claim based on the IJ's failure to apply the correct legal standard, but his arguments are more correctly characterized as challenging the IJ's interpretation of the record in its evaluation of the hardship factors. He writes that the IJ's analysis "required impermissible and erroneous speculation about the continuing nature and permanence of what was actually only temporary stopgap financial assistance from the mother's relatives, and the incorrect assumption that Medicaid would always cover the child's medical expenses." Pet'r. Br. at 17. As we have explained previously, however, "a challenge to an agency's factual findings raises no constitutional claim." *Hernandez-Morales*, 977 F.3d at 249. As Betancourt-Santiago has failed to articulate a constitutional claim, we lack jurisdiction to review the IJ's denial of his application for cancellation of removal.

*　　*　　*　　*　　*

We thus dismiss the petition for review.