**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3728
_____

OLEG ZHUIKO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-312-113)
Immigration Judge:  Kuyomars Q. Golparvar
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2020

Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit Judges</u>


(Opinion filed: February 8, 2022)

_____

OPINION[*]

_____

PER CURIAM

Oleg Zhuiko, a citizen of Kazakhstan, petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") decision that denied his application for cancellation of removal and that ordered his removal. We will dismiss the petition for review for lack of jurisdiction.

We generally have jurisdiction over a final order of removal, but we lack jurisdiction to review "any judgment regarding the granting of relief under . . . § 1229b." 8 U.S.C. § 1252(a)(2)(B). Despite that limitation, we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D).

Zhuiko, who is removable because he overstayed his visa, applied for cancellation of removal under 8 U.S.C. § 1229b(b). To warrant relief, Zhuiko was required to show that: (1) he had been physically present in the United States for at least ten years; (2) he had been a "person of good moral character" during those ten years; (3) he had not been convicted of certain crimes; and (4) his "removal would result in exceptional and extremely unusual hardship" to his U.S.-citizen children. § 1229b(b)(1).

The BIA denied Zhuiko relief solely on the basis that he had not demonstrated that he warranted cancellation of removal as a matter of discretion. A.R. 3. In his brief here,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Zhuiko argues that the IJ erred in determining that he lacked good moral character based on a determination by United States Citizenship and Immigration Services that he was involved in a fraudulent marriage, but we cannot consider that argument, as the BIA declined to reach that issue. A.R. 3, n.1; see Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011), as amended (Jan. 13, 2012) ("[W]e may affirm the BIA's decision only if we find that its stated reasons are correct, as it was the BIA—not the IJ—that provided the final and authoritative grounds invoked by the agency.") (internal quotation marks and citation omitted). Even if we construe his argument as challenging how the BIA weighed the fraudulent marriage factor in determining that he did not merit cancellation of removal, we lack jurisdiction to consider such an argument. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (noting that arguments that "the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)."). Likewise, we lack jurisdiction to consider whether the BIA gave inappropriate weight to Zhuiko's DUI conviction.

Zhuiko also purports to argue that the BIA used the wrong standard of review in considering the IJ's decision, an argument we would have jurisdiction to consider. See Patel v. Att'y Gen., 619 F.3d 230, 233 (3d Cir. 2010) (citing Pareja v. Att'y Gen., 615 F.3d 180, 187–88 (3d Cir. 2010)). But his arguments actually challenge certain of the IJ's factual findings, affirmed by the BIA, not the standard used.[1] Cf. id. (rejecting

---

[1] To the extent that Zhuiko is challenging the BIA's statement that he served a 70-day term in jail for his DUI conviction, we lack jurisdiction to consider the argument for another reason—Zhuiko failed to challenge in his appeal to the BIA the IJ's statement

3

petitioner's argument that the BIA applied the wrong standard of review when the petitioner was actually challenging a discretionary decision).

For these reasons, the petition for review will be dismissed.[2]

that he served a 70-day term. See 8 U.S.C. § 1252(d)(1).

[2] Zhuiko's motion for appointment of counsel is denied.