**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1539
_____

FRANCISCO NAULA-LEON
Petitioner,

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(A076-571-209)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2023
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, SCIRICA, and AMBRO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2023)
_____

OPINION[*]
_____

---

[*]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**CHAGARES**, Chief Judge.

Francisco Naula-Leon moved the Board of Immigration Appeals ("BIA") to reopen decades-old removal proceedings against him so that he could apply for cancellation of that removal. The BIA denied the motion and also declined to exercise its sua sponte authority to reopen those proceedings. Naula-Leon now petitions us to reopen his removal proceedings and remand his case to the BIA. Because we lack jurisdiction to review the challenged aspects of the BIA decision, we will dismiss Naula-Leon's petition for review.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. Naula-Leon is a native and citizen of Ecuador, who entered the United States without inspection in 1994. In 1997, a Notice to Appear ("NTA") was filed against him, commencing removal proceedings. He applied for, and was granted, voluntary departure, but he did not leave the United States as promised.

Naula-Leon subsequently stayed in the United States for the next two decades. Beginning in late 2018, he filed multiple motions to reopen his removal proceedings with the Newark Immigration Court arguing that his 1997 NTA was deficient – and thus required reopening – because it did not designate the time and place of his removal hearing. He also argued that he was eligible for cancellation of removal based on the length of his stay in the United States, his good moral character, lack of a criminal record, and the hardship his removal would impose on his spouse and four children (all of whom are United States citizens). In particular, he noted that one of his children has special

2

needs and would be particularly impacted by his removal. The Immigration Court denied these motions.

Naula-Leon appealed to the BIA, reiterating his prior claims that his NTA had been deficient, that his case should be reopened, and that he was eligible for cancellation of removal. The BIA affirmed the IJ's denial. Naula-Leon moved the BIA to reconsider, which the BIA denied. To this end, the BIA determined that even "assuming [Petitioner] can demonstrate the requisite continuous physical presence, he has not established a reasonable likelihood he can satisfy all the statutory requirements for cancellation of removal, including exceptional and extremely unusual hardship to a qualifying relative." Administrative Record ("A.R.") 3. The BIA also denied Naula-Leon's request that it exercise its sua sponte authority to allow him to apply for cancellation for removal. This petition for review followed.

## II.

This Court generally has jurisdiction to review a BIA final order under 8 U.S.C. § 1252(a)(1). We do not, however, have jurisdiction to review the BIA's discretionary hardship determinations made during its evaluation of a petition for cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i) (stripping the courts of appeals of jurisdiction over "any judgment regarding the granting of [cancellation of removal]"); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010) ("We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229(b), including 'exceptional and extremely unusual' hardship determinations."). Here, the BIA based its denial of Naula-Leon's motion to reopen on its conclusion that he had "not established a reasonable likelihood he

3

can satisfy all the statutory requirements for cancellation of removal, including exceptional and extremely unusual hardship to a qualifying relative."[1] A.R. 3. The BIA concluded, in light of this failure, that Naula Leon "ha[d] not demonstrated prima facie eligibility for [cancelation of removal]," which in turn warranted denial of his motion to reopen removal proceedings. A.R. 4. Because the BIA denied Naula-Leon's motion based on its conclusion that he failed to show sufficient hardship, and that hardship assessment is rendered unreviewable by 8 U.S.C. § 1252(a)(2)(B)(i), we have no jurisdiction to review the motion denial predicated upon that assessment.

Naula-Leon takes issue with the BIA's hardship assessment, arguing that he "is entitled to his day in court to prove the requisite hardship to his USC children" and that the BIA "had no jurisdictional authority to determine . . . whether [he] met the requirement of demonstrating . . . hardship." Naula-Leon Br. at 20. But when a motion to reopen removal proceedings is filed for the purposes of applying for relief, the BIA may deny said motion if it concludes that the associated application fails to show a prima facie entitlement to the relief sought. See 8 C.F.R. § 1003.2; Sevoian v. Ashcroft, 290

---

[1] A removable noncitizen is eligible for cancellation of removal if he:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

4

F.3d 166, 169-70 (3d Cir. 2002) ("[T]he Board may deny a motion to reopen . . . [by] hold[ing] that the movant has failed to establish a prima facie case for the relief sought."). The BIA thus appropriately considered and based its denial of the motion to reopen upon the purported shortcomings of Naula-Leon's application for relief from removal. We do not have jurisdiction to review whether the BIA's assessment to this end was substantively correct; thus, our inquiry as to Naula-Leon's motion to reopen ends here. See 8 U.S.C. § 1252(a)(2)(B)(i).

As for Naula-Leon's additional claim that the BIA should have used its sua sponte authority to reopen his removal proceedings, this Court lacks jurisdiction to review this aspect of the BIA's decision as well. See Sang Goo Park v. Att'y Gen., 846 F.3d 645, 651-53 (3d Cir. 2017) (observing that "orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable," with two limited exceptions). There are two exceptions to our baseline lack of jurisdiction – where the BIA's refusal to exercise its sua sponte authority is based on an incorrect legal premise or contravenes its settled course of adjudication. Id. Neither exception, however, applies here. Naula-Leon claims that the BIA failed to properly consider Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), in determining his eligibility for relief, but the Niz-Chavez decision dealt with how courts assess an alien's continuous presence in the United States and the BIA did not base any aspect of its decision here on the length of Naula-Leon's stay. In fact, the BIA expressly acknowledged Niz-Chavez and "assum[ed] that [Naula-Leon] can demonstrate the requisite continuous physical presence," instead denying Naula-Leon's motion based on its unreviewable conclusion that he failed to satisfy the

5

"exceptional and extremely unusual hardship to a qualifying relative" requirement. A.R. 3. The <u>Niz-Chavez</u> decision and Naula-Leon's arguments related to it thus do not provide a jurisdictional foothold here.

Because we lack jurisdiction to review 1) the BIA's hardship determination underpinning its denial of Naula-Leon's motion to reopen removal proceedings and 2) its subsequent refusal to use its <u>sua</u> <u>sponte</u> authority to reopen those proceedings, we will dismiss his petition for review.

III.

For the foregoing reasons, Naula-Leon's petition will be dismissed.

6