NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 23-1844
_____

CHRISTOPHER EGIRE WOOD,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Boards of Immigration Appeals
(Agency No. A074-949-792)
Immigration Judge: David Cheng
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 7, 2024

BEFORE: HARDIMAN, SCIRICA, and SMITH,
*Circuit Judges*

(Filed: March 7, 2024)
_____

OPINION[*]
_____

SMITH, *Circuit Judge*.

Christopher Egire Wood is a citizen of the United Kingdom. A notice to appear

charged Wood with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

present in the United States without being admitted or paroled. Wood conceded he was removable but filed an application for cancellation of removal under 8 U.S.C. § 1229b. At the conclusion of an immigration hearing, the Immigration Judge (IJ) denied Wood's application. The Board of Immigration Appeals (BIA) adopted and affirmed the IJ's decision. This timely petition for review followed.[1] We will dismiss in part and deny in part the petition.

> To obtain cancellation of removal, an alien must show that he:
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's . . . child, who is a citizen of the United States.

8 U.S.C. § 1229b(b)(1). The IJ denied Wood's application for cancellation of removal on several grounds. First, the IJ concluded that Wood did not meet his burden of proving a continuous presence in the United States for 10 years. The IJ also found that Wood was not credible. Wood failed to satisfy his burden of showing that he was a person of good moral character. And the IJ was not persuaded that Wood's son, then 17-years old, or his

---

[1] The IJ exercised jurisdiction under 8 C.F.R. § 1208.2(b). The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). However, we may not review discretionary decisions relating to cancellation of removal. *Patel v. Att'y Gen.*, 619 F.3d 230, 232 (3d Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(B)(i)).

10-year-old daughter would suffer exceptional and extremely unusual hardship. In addition to failing to meet these requirements for cancellation of removal, the IJ denied Wood's application as a matter of discretion.

The adverse credibility finding and the determination that Wood failed to show he had a good moral character were based on "his continuous record of . . . using fraudulent" documents. CAR146. Wood admitted to obtaining a fraudulent U.S. Virgin Islands birth certificate in 1989, then using it to obtain a New Jersey driver's license, and unsuccessfully trying to obtain a U.S. passport. He acknowledged he had been using the fraudulent Virgin Islands birth certificate for the last 28 to 29 years. Wood also had obtained a fraudulent Ghanaian birth certificate. He used that to apply, unsuccessfully, for an adjustment of status in the United States. He also used the fraudulent Ghanaian birth certificate to obtain a Ghanaian passport, which he conceded before the IJ "was not a real passport." CAR201. In adopting and affirming the IJ's decision, the BIA agreed that Wood's use of "multiple fraudulent birth certificates" undermined his claim that he was a person of good moral character. CAR3.

In his opening brief, Wood raises two issues for review. He asserts that the IJ violated his due process rights by "becoming an advocate for the government," and that the IJ applied an incorrect legal standard in denying cancellation of removal. Wood Br. at 2. Neither of these issues, however, presents a reviewable constitutional claim or

3

question of law over which we have jurisdiction.[2] *See Pareja v. Att'y Gen.*, 615 F.3d 180, 186-87 (3d Cir. 2010).

First, as the Government noted, Wood never raised his due process claim to the BIA. This failure to exhaust his administrative remedies precludes our review. *See Santos-Zacaria v. Garland*, 143 St. Ct. 1103, 1112, 1115 (2023) (holding that § 1252(d)(1)'s exhaustion requirement is not jurisdictional, but referring to nonjurisdictional rules as "mandatory"); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 n.5 (3d Cir. 2003). Second, merely reading the four pages of the argument section of Wood's brief, quickly leads us to conclude that he has not raised a bona fide issue of law. Instead, Wood's claims are "nothing more" than arguments that the "IJ abused his discretion in determining that [Wood] did not meet the requirement of exceptional and extremely unusual hardship," by finding, *inter alia*, that he was not credible. *Pareja*, 615 F.3d at 187 (omitting internal quotation marks and citation). As we explained in *Patel v. Attorney General*, "'quarrels over the exercise of discretion and the correctness of factual findings' do not raise constitutional claims or questions of law." 619 F.3d 230, 232 (3d Cir. 2010) (quoting *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008)). Because we lack jurisdiction to review the IJ's discretionary determinations and factual findings and because Wood failed to exhaust his due process argument, we will dismiss in part and deny in part his petition for review.

---

[2] "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).